2003-NMCA-099

75 P.3d 824

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**William FOSTER, Defendant–Appellant.**

**No. 23,225.**

Court of Appeals of New Mexico.

May 16, 2003.

Certiorari Denied, No. 28,100,
Aug. 7, 2003.

Patricia A. Madrid, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Appellee.

John B. Bigelow, Chief Public Defender, Santa Fe, NM, Thomas DeMartino, Assistant Public Defender, Albuquerque, NM, for Appellant.

## OPINION

CASTILLO, Judge.

{1} This is an interlocutory appeal from the district court's denial of Defendant's motion to dismiss on double jeopardy grounds based on being twice tried in magistrate court for the same offense. The appeal presents us with three questions certified by the district court: (1) whether a district court in a trial de novo may review trial transcripts or other evidence of proceedings in magistrate court, a court not of record, in ruling on a pretrial motion to dismiss on grounds of double jeopardy; (2) whether transcripts are papers or exhibits under Rule 6–703(F) NMRA 2003; and (3) whether the double jeopardy clause is violated when a defendant is tried twice without an order declaring a mistrial and without a finding of manifest necessity.

{2} We hold that under the circumstances of this case, the district court may review the trial transcripts insofar as is necessary to resolve the double jeopardy issue. We determine that trial transcripts are not papers but may be exhibits, if properly admitted in the court below. We also determine that the magistrate court's failure to enter a written order granting a mistrial does not give rise to a double jeopardy claim so long as the record adequately establishes that the magistrate court properly granted a mistrial. We vacate the district court's order denying De-

fendant's motion to dismiss and remand for further proceedings on the issue of manifest necessity.

## I. BACKGROUND

{3} On November 5, 2001, Defendant was tried before a jury in magistrate court for aggravated driving under the influence of intoxicating liquor or drugs (DWI) (second offense) in violation of NMSA 1978, § 66–8–102 (1999). During the trial, defense counsel asked the State's witness, Deputy Brian Johnston, "Isn't it true Deputy, that 90% of the people you arrest for DWI are Navajo?" The magistrate court sustained the State's objection to the question. A bench conference was then held during which the State asked for a mistrial. Immediately following the bench conference, the magistrate court orally declared a mistrial. The following day, the State requested the magistrate court to order a mistrial, find manifest necessity, and set a second jury trial date. In his response opposing the State's motion, Defendant requested a hearing. The magistrate court at some point handwrote "Motion Granted" on the State's motion and "Denied" on Defendant's motion.

{4} The second trial began on December 7, 2001. After swearing in jurors, conducting voir dire, and exercising challenges, but prior to announcing the selected jurors, defense counsel renewed her objection to a second trial. A discussion ensued between defense counsel and the prosecutor as to whether alternatives to a mistrial were considered by the magistrate court and whether the court made a finding of manifest necessity. The magistrate court overruled Defendant's objection and the second trial proceeded. Defendant was subsequently convicted of aggravated DWI. He appealed to the district court for a trial de novo and then filed a pretrial motion with the district court to dismiss the criminal complaint on double jeopardy grounds. Defendant attached to the motion an uncertified transcription of portions of the first trial testimony, including the bench conference and the magistrate court's oral declaration of a mistrial. Also attached were copies of the mistrial motions filed by both parties in magistrate court.

{5} The district court conducted two hearings on Defendant's motion to dismiss. There was extensive discussion about whether the district court had jurisdiction to review the pretrial motion and, if so, what materials constituted a reviewable record on appeal. Particularly, the district court had concerns as to whether it could review trial transcripts, tapes of the proceedings, or motions not requested by the magistrate court to be in writing. It also questioned its jurisdictional authority to review a grant of mistrial, a discretionary function of the magistrate court, during an appeal de novo. The district court ultimately concluded that trial transcripts are not part of the record on appeal under Rule 6–703(F), are not papers, and were not admitted as exhibits. *See* Rule 6–703(F)(2), (4). The district court denied Defendant's motion, finding that the district court cannot review events that transpired in the magistrate court. Defendant appeals the denial of his motion. Because it considered the issues presented by the motion as potentially dispositive of the case, the district court certified the three questions stated above and stayed the trial de novo pending the outcome of this appeal.

## II. DISCUSSION

### A. Standard of Review

{6} We review de novo questions of law concerning the interpretation of Supreme Court rules and the district court's application of the law to the facts of this case. *State v. Gage*, 2002–NMCA–018, ¶ 14, 131 N.M. 581, 40 P.3d 1025 ("Interpretation and application of the law are subject to a de novo review.") (internal quotation marks and citation omitted); *State v. Wilson*, 1998–NMCA–084, ¶ 8, 125 N.M. 390, 962 P.2d 636 (applying a de novo standard to its review of the district court's application of a Supreme Court rule).

### B. Transcripts and Other Evidence Reviewable From a Court Not of Record in a Trial De Novo

#### 1. Double Jeopardy Defense

{7} The Double Jeopardy Clause of the United States Constitution and the New

Mexico Constitution guarantees that no person shall be put in jeopardy twice for the same offense. U.S. Const. amend. V; N.M. Const. art. II, § 15. "Jeopardy attaches in a jury trial when the jury is empaneled and sworn." *County of Los Alamos v. Tapia,* 109 N.M. 736, 737 n. 1, 790 P.2d 1017, 1018 n. 1 (1990). If the trial is not completed, i.e., the trial court declares a mistrial and discharges the jury, the Double Jeopardy Clause prohibits a defendant from being placed in jeopardy again at a second trial for the same offense unless "there is a manifest necessity for the discharge of the first jury or . . . the ends of public justice would be defeated by carrying the first trial to final verdict." *State v. De Baca,* 88 N.M. 454, 459, 541 P.2d 634, 639 (Ct.App.1975). Defendant acknowledges that he could have sought to prohibit the magistrate court from retrying him after the magistrate court denied his motion to dismiss. Defendant's failure to seek an extraordinary writ is not a waiver of his double jeopardy defense. *See* NMSA 1978, § 30–1–10 (1963), *see also State v. Sedillo,* 88 N.M. 240, 242, 539 P.2d 630, 632 (Ct.App.1975) (holding that defendant's failure to object to a declaration of mistrial was not a waiver of his double jeopardy defense and the defense could be raised on appeal after he was retried for the same offense). We conclude that the double jeopardy defense is available to Defendant in his de novo appeal.

## 2. De Novo Appeal and Appeal on the Record

{8} The question before us concerns the extent of the district court's review, during a de novo appeal, of a record on appeal when it considers a pretrial motion claiming a violation of double jeopardy in a court not of record. Because of its importance to this case, we briefly address the difference between an appeal of record and a de novo appeal. The New Mexico Constitution vests district courts with "appellate jurisdiction of all cases originating in inferior courts." N.M. Const. art. VI, § 13. In the exercise of that appellate jurisdiction, "trial shall be had de novo unless otherwise provided by law." N.M. Const. art. VI, § 27. Under state statute, "[a]ll appeals from inferior tribunals to the district courts shall be tried

anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law." NMSA 1978, § 39–3–1 (1955).

{9} Whether a lower court is of record determines whether a trial will be de novo. *See State v. Trujillo,* 1999–NMCA–003, ¶¶ 4–5, 126 N.M. 603, 973 P.2d 855 (explaining that appeals from the metropolitan court may be either de novo or on the record depending on the type of case). If an appeal is on record, the district court acts as a typical appellate court reviewing the record of the lower court's trial for legal error. *Id.* ¶ 4. The magistrate court, unlike the metropolitan court, is not a court of record. *Compare* NMSA 1978, § 35–1–1 (1968) (establishing magistrate courts as courts not of record) *with* NMSA 1978, § 34–8A–6(B), (D) (1993) (establishing metropolitan courts as courts of record for civil actions and certain criminal actions). Therefore, appeals from magistrate courts are de novo. NMSA 1978, § 35–13–2(A) (1996) ("Appeals from the magistrate courts shall be tried de novo in the district court."); Rule 6–703(J) ("Trials upon appeals from the magistrate court to the district court shall be de novo."). In a de novo appeal, in contrast to appeals on the record, a district court conducts a new trial as if the trial in the lower court had not occurred. *Trujillo,* 1999–NMCA–003, ¶ 4, 126 N.M. 603, 973 P.2d 855.

## 3. The District Court Must Hear the Double Jeopardy Claim

{10} The State argues that it is impossible for the district court to review Defendant's double jeopardy claim because, in a trial de novo, it is as though the proceedings in the lower court below never happened. The district court's only option, the State contends, is to conduct a full trial on the merits without considering the double jeopardy claim. We disagree. The State provides no support for its proposition, and we find no jurisdictional or other bar to the district court's consideration of Defendant's motion on the merits. Defendant's right to be free of double jeopardy is constitutionally guaranteed and statutorily protected. *See* U.S.

Const. amend. V; N.M. Const. art. II, § 15; NMSA 1978, § 30–1–10 (1963). When asserting a violation of that right in magistrate court, Defendant's only course of redress, barring petitioning for an extraordinary writ, is a de novo appeal. In this case, Defendant did not file an extraordinary writ and consequently, the State is asking us to bar Defendant from pursuing his constitutional challenge in his de novo appeal. To hold that Defendant cannot pursue redress by de novo appeal but instead is required to do so pursuant to a writ is to exalt form over substance. Such a result would offend our sense of justice.

{11} We have emphasized that "[t]he district courts of this State have broad jurisdiction-legal and equitable, original and appellate." *State ex rel. Highway & Transp. Dep't v. City of Sunland Park,* 2000–NMCA–044, ¶ 10, 129 N.M. 151, 3 P.3d 128; *see* N.M. Const. art. VI, § 13. As discussed above, in the exercise of their appellate jurisdiction, district courts conduct trials de novo. District courts also, when called upon, hear pretrial motions in de novo appeals. *See* Rule 5–601(B) NMRA 2003 ("Any defense . . . which is capable of determination without a trial on the merits may be raised before trial by motion."); Rule 6–703(N) NMRA 2003 ("[T]he Rules of Criminal Procedure for the District Courts shall govern the procedure on appeal from the magistrate court."); *see also Wilson,* 1998–NMCA–084, ¶ 20, 125 N.M. 390, 962 P.2d 636, (remanding to district court for hearing on defendant's motion to dismiss for speedy trial violation in magistrate court); *State v. Vigil,* 114 N.M. 431, 433, 839 P.2d 641, 643 (Ct.App.1992) (considering trial court's grant of defendant's motion to dismiss for violation of six-month rule in magistrate court); *State v. Hicks,* 105 N.M. 286, 287, 731 P.2d 982, 983 (Ct.App. 1986) ("[T]he right of appeal [from courts not of record] . . . is the right to a trial *or hearing* de novo in the district court.") (emphasis added). We see no justification for limiting the authority of the district court to hear Defendant's pretrial motion in this case; to the contrary, given the gravity of the right being asserted, the right to be free of double jeopardy, we hold that the district court has jurisdiction as well as a constitutional and statutory obligation to consider Defendant's motion on the merits.

### 4. Review of Transcripts and Other Evidence of Proceedings

{12} Having determined that the district court must consider what occurred below, we turn to the more difficult issue, what material the district court may consider. Specifically, we are asked to determine whether the district court may consider transcripts and other evidence of proceedings. By transcripts, we mean tape recordings or stenographic transcriptions including computer aided transcriptions of proceedings not tape recorded. *See* Rule 12–211(A) NMRA 2003 (Defining "transcript of proceedings" for appeals to the Supreme Court and Court of Appeals). We include in this definition written transcriptions of tape recordings of proceedings. We presume from the district court's hearings on the matter that the "other evidence of prior magistrate court proceedings" are the mistrial motions from the parties. Rule 6–703(F) governs the record on appeal from magistrate court in a criminal action. In addition to a title page, the rule states that the record shall consist of: "(2) a copy of all papers and pleadings filed in the magistrate court; (3) a copy of the judgment or final order sought to be reviewed with date of filing; and (4) any exhibits."

### a. Mistrial Motions

{13} The motions that the district court believed could not be part of the record were both duly filed in and considered by the magistrate court. There is no suggestion that the motions were improperly or untimely filed. The district court's concern was based on the fact that the motions were not ordered by the magistrate court to be in writing. Rule 6–304(B) NMRA 2003 states that "[m]otions may be made orally or in writing, unless the court directs they be in writing." The district court read this rule as a disallowance of written motions that were not affirmatively directed by the magistrate court to be in writing. Our interpretation of the rule leads us to conclude just the opposite; that oral motions are insufficient if the magistrate court directs they be written but

that written motions are always permitted. We conclude that the motions, as papers filed in the magistrate court, were properly included in the record sent to the district court. *See* Rule 6–703(F)(2). The content of the motions may be considered by the district court in its review of Defendant's motion to dismiss.

### b. Transcripts

{14} There were, in this case, tape recordings of both trials apparently made by the magistrate court; tape logs prepared by the court monitor are contained in the record on appeal. We note that Rule 6–601(D) NMRA 2003 allows for a transcription of proceedings in magistrate court, with prior approval of the judge, by the parties. A "transcription" is defined in the rule as "a stenographic or tape recording." *Id.* We refer to transcriptions and transcripts interchangeably in this opinion. Portions of the first trial, including the bench conference, were transcribed from tape recordings of the first trial by defense counsel's office. The written transcription was included as an attachment to Defendant's motion to dismiss filed in the district court; it was not admitted as an exhibit by either party in magistrate court, nor as far as we can tell was it filed and included in the record on appeal from magistrate court. Tape recordings of the second trial were included in the record sent to this Court from the district court; we presume that they were included in the magistrate court's record on appeal to the district court. It is unclear whether the tape recordings of the second trial were transcribed other than the portions of the pretrial conference included in the text of Defendant's brief in chief. There is no suggestion that a written transcription of the tape recordings of the second trial was admitted as an exhibit or was otherwise filed in magistrate court.

{15} We address two matters. First, are transcripts of criminal proceedings permitted in the record on appeal from magistrate court? Second, if yes, were the transcripts properly included in this case such that the district court may consider them in reviewing Defendant's motion to dismiss? We address each in turn.

{16} As stated above, in this case, tape recordings were made of the bench conference in the first trial and the pretrial conference in the second trial during which the requested mistrial was discussed. We hold that these transcripts from criminal proceedings in magistrate court may be considered insofar as is necessary for a meaningful review of a motion to dismiss on double jeopardy grounds. As for the procedure, we observe that the rules of civil procedure for de novo appeals from magistrate court require that "any transcript of the proceedings made by the magistrate court, either stenographically recorded or tape recorded" be included in the record on appeal. Rule 1–072(G)(5) NMRA 2003 (district court rule); Rule 2–705(E)(5) NMRA 2003 (magistrate court rule). Since this procedure is already set forth in de novo appeals for civil proceedings, the same procedure shall be followed for the record on appeal in a criminal proceeding such as this where Defendant alleges that a double jeopardy violation occurred in magistrate court.

{17} Defendant suggests that Rule 6–601(D), which limits the use of transcripts from magistrate courts, does not apply in this case because transcripts are not being used for impeachment purposes. We agree that the rule does not apply. The rule limits transcripts from criminal proceedings in magistrate court to situations "permitted by Paragraph N of Rule 5–503 of the Rules of Criminal Procedure for the District Courts." Rule 6–601(D). Paragraph N, which, we observe, has not been a part of Rule 5–503 since 2000, had concerned the use of deposition testimony for impeachment purposes during trials. *See* Rule 5–503(N) NMRA 2000. Our holding concerns the use of transcripts to review a pretrial motion alleging a double jeopardy violation and not the use of transcripts during trial; the rule, therefore, is inapplicable.

{18} Insofar as Defendant's transcription of his first trial was included as an attachment to Defendant's motion to dismiss filed in the district court and was not part of the record on appeal from the magistrate court, it should not be considered at this

time. Similarly, the portion of Defendant's brief in chief which contains his transcription of the pretrial jury conference during which double jeopardy was discussed should not be considered at this time. However, we note that Rule 6–703(G) allows for a correction or modification of the record on appeal if anything material is omitted. Such a modification may be requested in this case. Language identical to Rule 6–703(G) is contained in Rule 12–209(C). The rule on record modification is "broadly worded" because, as our Supreme Court emphasized when it interpreted Rule 12–209(C), "it is in the interest of justice to allow the parties to properly present their claims on appeal." *State v. Antillon,* 2000–NMSC–014, ¶ 12, 129 N.M. 114, 2 P.3d 315. Moreover, the Supreme Court declared, since the defense of double jeopardy cannot be waived, it is "unjust to prevent the defendant from including evidence relevant to [the] defense [of double jeopardy] in the record proper. The New Mexico Constitution does not permit such a result." *Id.* We believe that the same interpretation of generous allowance for record modification applies to Rule 6–703(G).

 {19} When an appellate court reviews a double jeopardy claim, it determines whether the trial court exercised "sound discretion" in declaring a mistrial. *De Baca,* 88 N.M. at 458–59, 541 P.2d at 638–39. District courts considering appeals from magistrate courts, however, do not operate in the typical appellate capacity. § 35–13–2(A) ("Appeals from the magistrate courts shall be tried de novo in the district court."). In its review of a pretrial motion to dismiss on double jeopardy grounds in a de novo trial, the district court therefore is not bound by what happened below. *City of Farmington v. Sandoval,* 90 N.M. 246, 248, 561 P.2d 945, 947 (Ct.App.1977) ("If the district court were in any way bound by the proceedings in the municipal court, it would not be a trial de novo, or trial anew.") (internal quotation marks and citation omitted). It does not then accord deference to the magistrate court's ruling; instead, the district court makes an independent judgment based on the record before it on whether a mistrial was properly granted. *See Hicks,* 105 N.M. at 287, 731 P.2d at 983 (holding that, in

considering an appeal de novo from the metropolitan court's dismissal of charges against defendant, the district court must make an independent determination of the metropolitan court's discretionary decision and may not apply an abuse of discretion standard).

{20} In summary, the district court may review events which transpired in the magistrate court in order to review Defendant's pretrial motion to dismiss on double jeopardy grounds. Transcripts and motions properly filed with the magistrate court and made part of the record on appeal may be considered, as necessary, by the district court. Accordingly, we reverse the district court's order denying Defendant's motion to dismiss and remand for reconsideration of the merits of the motion.

**C. Transcripts as Papers or Exhibits Under Rule 6–703(F)**

 {21} Because transcripts are designated separately from papers in our Supreme Court rules listing the contents of the record on appeal, we conclude that transcripts are not papers. *See* Rules 1–072(G); 2–705(E); 7–703(F) NMRA 2003 (metropolitan court). Transcripts that are properly admitted into evidence as exhibits may be part of the record on appeal.

**D. Written Order Declaring a Mistrial and a Finding of Manifest Necessity**

 {22} We do not decide in this appeal whether a mistrial was properly granted; that is for the district court to determine on remand. However, in response to the district court's certified question, we point out that the absence of a written order declaring a mistrial and finding manifest necessity need not bar a second trial if the record adequately discloses that a mistrial was properly granted. *Arizona v. Washington,* 434 U.S. 497, 516–17, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *Callaway v. State,* 109 N.M. 416, 418, 785 P.2d 1035, 1037 (1990) (reversing the grant of a mistrial "irrespective of the fact the trial court failed to issue findings and conclusions on why it ordered the mistrial"); *State v. Reyes–Arreola,* 1999–NMCA–086, ¶ 10, 127 N.M. 528, 984 P.2d 775 (rejecting

defendant's position that, by itself, the failure to enter a written order barred a second trial).

{23} The magistrate court in this case did not enter a written order declaring there was manifest necessity for a mistrial; instead, it handwrote "Motion Granted" on the State's motion requesting the magistrate court "to order a mistrial, find manifest necessity and to set a second jury trial date." While entering a separate order may have avoided some confusion, we are mindful that magistrate court proceedings are often conducted with a certain degree of informality. *See State v. Sedillo,* 2001–NMCA–001, ¶ 1, 130 N.M. 98, 18 P.3d 1051 (holding that a judge's handwritten abbreviations on a complaint may be sufficient for a fact finder to find the fact of a prior conviction). Accordingly, the absence of a written order is not fatal, however, the district court must still determine if there is a sufficient basis in the record for the finding. *See State v. Saavedra,* 108 N.M. 38, 40–43, 766 P.2d 298, 300–03 (1988) (reviewing district court's findings and conclusions to determine if the declaration of a mistrial was justified).

## III. CONCLUSION

{24} For the reasons stated above, we reverse the district court's denial of defendant's motion to dismiss and remand for reconsideration consistent with this opinion.

{25} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and IRA ROBINSON, Judges.