IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                                    NO. 28,919

RICHARD AMARO,

    Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Karen L. Townsend, District Judge

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

       Defendant appeals from the district court's order that affirms his magistrate

judgment and sentences for driving with a revoked/suspended license and for failing

to report to the detention center.  [RP 2, 3, 52]  Defendant appeals specifically from the district court's affirmance of his May 12, 2008 magistrate judgment and 364-day sentence based on his failure to report to the detention center.  [RP 2; DS 2-3]  Our second notice (1) viewed the 364-day sentence as the result of the magistrate judge's decision to hold Defendant in indirect contempt based on his failure to report to the San Juan Detention Center as required by the April 8, 2008 commitment order [RP 14-15]; and (2) proposed to hold that Defendant was not afforded the proper procedures for contempt.  See generally NMSA 1978, § 35-3-9 (1991) (providing that a magistrate has jurisdiction to punish for contempt for disobedience of any lawful order of the court); Rule 6-111(B) NMRA (providing that a contempt shall be punished only after notice and hearing).  The State filed a timely response to our second notice, providing that it is unable to offer any facts or law to challenge the proposed disposition and that it agrees with the analysis and approach taken in the second notice.

Accordingly, based on the reasons set forth in our second notice, we reverse the district court's affirmance of Defendant's May 12, 2008, judgment and sentence, and remand to the district court for Defendant to be afforded an appropriate de novo contempt proceeding.

**IT IS SO ORDERED.**

2

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**ROBERT E. ROBLES, Judge**

## DISCUSSION

TO:             JUDGE CASTILLO
FROM:       LEE ANN MCMURRY MOYA
RE:             STATE V. AMARO, CT.APP.NO. 28,919
DATE:        JUNE 5, 2009

I recommend issuance of a memorandum opinion that reverses the district court's affirmance of Defendant's May 12, 2008, judgment and sentence, and remands to the district court for Defendant to be afforded an appropriate contempt proceeding.

As you recall, this is the case wherein Defendant appeals from the district court's affirmance of his magistrate sentence for "failure to check into the San Juan Detention Center." Rather than view the judgment at issue as a refashioning of Defendant's initial sentence for driving with a revoked license, this Court instead viewed the judgment to be the result of the magistrate judge's decision to hold Defendant in contempt based on his failure to check into the detention center. Problematically, however, Defendant was not afforded the appropriate contempt proceedings below. For this reason, our second notice proposed to reverse and remand to the district court with instructions that Defendant be afforded a de novo contempt proceeding. The State filed a timely response **[Ct.App.File, white clip]**, providing that it agrees with the proposed disposition. For this reason, I recommend issuance of the attached memorandum opinion that reverses and remands.

Lastly, in light of our previous discussions whether we should remand to the magistrate court or district court, I think that *City of Las Cruces v. Sanchez*, 2007-NMSC-042, 142 N.M. 243, 164 P.3d 942, supports the decision to remand to the district court. In that case, the municipal court judge mid-trial ruled that the defendant's arrest was illegal and dismissed the charges. The City appealed to the district court, which dismissed the City's appeal in the mistaken belief that the City had no right to appeal. The Supreme Court held that the district court did have jurisdiction to consider the appeal, and reversed and remanded to the district court for a trial de novo. I think *Sanchez* is significant because the Court remanded to the district court for a de novo trial, even though a trial on the merits did not come to fruition in the municipal court. Similarly, in the present case, I think it is appropriate to remand to the district court for a de novo contempt hearing, even though such hearing had not been held (although the need for such was argued, RP 63-64, 68) in the magistrate court. *See also State v. Foster*, 2003-NMCA-099, ¶ 9, 134 N.M. 224, 75 P.3d 824 (recognizing that "[i]n a de novo appeal, in contrast to appeals on the record, a district court conducts a new trial as if the trial in the lower court had not occurred"). The matter of which court to remand to is confusing, but fortunately neither party disputes that district court is the appropriate forum.