This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**INARA CEDRINS,**

    Plaintiff-Appellant,

v.                                         **NO. 30,544**

**CHRISTINE RICHARDSON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Inara Cedrins
Chicago, Ill

Pro se Appellant

Christine Richardson
Santa Fe, NM

Pro se Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiff appeals, pro se, from the district court order reversing a magistrate court award of $700 in Plaintiff's favor. The district court order further orders Plaintiff to pay Defendant $479. This Court issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition to our notice of proposed disposition, which this Court has duly considered. Unpersuaded, we affirm.

Plaintiff filed an action in magistrate court seeking the return of her $700 rental deposit from Defendant. [RP 15] Defendant answered, stating that Plaintiff still owed Defendant $482 for cleaning costs and unpaid utilities. [RP 17] The magistrate ruled in Plaintiff's favor, ordering Defendant to return the $700 deposit and to pay court costs in the amount of $67. [RP 37] Defendant appealed the magistrate court judgment to district court for a trial de novo. [RP 11] *See* NMSA 1978, § 35-13-2(A) (1996).

Plaintiff filed a motion to dismiss with the district court, arguing that Defendant had no grounds for appeal. [RP 22] A hearing was held on the motion to dismiss and on the merits of the appeal. [RP 28] Plaintiff received permission to appear at the hearing telephonically. [RP 31] Plaintiff did not appear at the hearing either in person or telephonically. [RP 32] The hearing proceeded in Plaintiff's absence.

Defendant presented three exhibits at the hearing: (1) the residential lease with an attachment that included instructions for cleaning; (2) a June 24, 2008, magistrate

court judgment for restitution; and (3) a July 28, 2008, deposit letter, certified mail receipt, and a First Judicial District Court cost receipt. [RP 35] The district court entered an order reversing the judgment of the magistrate court and awarding Defendant $479 on her counterclaim for cleaning costs associated with the rented property and court costs. [RP 32]

On appeal, Plaintiff argues that the magistrate made a proper determination and Defendant had no grounds for appeal and that Defendant's actions should result in an award of punitive damages. In this Court's notice of proposed disposition, we pointed out that to the extent Plaintiff was arguing Defendant had no grounds for appeal, Plaintiff's argument was misplaced. We directed Plaintiff to Section 35-13-2(A), which provides that "[a]ppeals from the magistrate courts shall be tried de novo in the district court." We further explained that a trial de novo is defined as "[a] new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below[,]" *Southern Union Gas Co. v. Taylor*, 82 N.M. 670, 671, 486 P.2d 606, 607 (1971) (internal quotation marks and citation omitted), and that in a trial de novo, the district court is not bound by the magistrate court's determination. *See City of Farmington v. Sandoval*, 90 N.M. 246, 248, 561 P.2d 945, 947 (Ct. App. 1977) ("If the district court were in any way bound by the proceedings in the municipal court, it would not be a trial de novo, or a trial anew."

(internal quotation marks and citation omitted)).  Because Defendant was entitled to a de novo trial in district court pursuant to Section 35-13-2, we directed Plaintiff to explain why the district court's ruling was in error, why Defendant did not have a valid basis for retaining the deposit, or why Plaintiff did not owe Defendant $479 in cleaning fees and court costs.

Despite this Court's directive, Plaintiff continues to base her arguments on the evidence presented to the magistrate court.  Plaintiff contends that she received a judgment against Defendant in magistrate court, that there were no errors in procedure, and that to ignore the magistrate court's judgment is to say that lawsuits filed and tried in magistrate court have no validity.  [MIO 1]  Although Plaintiff appears to argue that the district court should have reviewed the magistrate court's decision for error rather than conduct a new hearing, we point out that, because the magistrate court is not a court of record, all appeals from magistrate court are de novo. *See* § 35-13-2.

> Whether a lower court is of record determines whether a trial will be de novo.  If an appeal is on record, the district court acts as a typical appellate court reviewing the record of the lower court's trial for legal error. The magistrate court, unlike the metropolitan court, is not a court of record.  Therefore, appeals from magistrate courts are de novo.  In a de novo appeal, in contrast to appeals on the record, a district court conducts a new trial as if the trial in the lower court had not occurred.

*State v. Foster*, 2003-NMCA-099, ¶ 9, 134 N.M. 224, 75 P.3d 824 (citations omitted).

Thus, contrary to Plaintiff's assertions, Defendant was entitled to appeal to the district court for resolution, again, as if for the first time. Plaintiff, in failing to challenge the district court's ruling on other grounds, has failed to demonstrate error on appeal. *See Allen v. Amoco Prod. Co.,* 114 N.M. 18, 22, 833 P.2d 1199, 1203 (Ct. App. 1992) (stating that it is the appellant's burden to demonstrate error). Accordingly, we affirm the district court's ruling.

To the extent Plaintiff requested an award of punitive damages for the delay in returning the rental deposit and the filing of a frivolous lawsuit [DS 12], and to the extent the district court denied this request, we affirm. Because we hold that Plaintiff has not demonstrated any error by the district court in determining that Defendant was not required to return Plaintiff's rental deposit, and because we hold that Defendant's appeal was not frivolous, we see no basis for reversing the district court's ruling.

For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

5

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**