This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                               **NO. 28,974**

**NICHOLAS TENORIO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Anne M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

McGarry Law Office
Kathleen McGarry
Glorieta, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant Nicholas Tenorio appeals the denial of his motion to dismiss his case for violation of the 182-day rule as set forth in Rule 6-506(B) NMRA and Rule 6-506A NMRA. We affirm Defendant's conviction.

**BACKGROUND**

On May 4, 2007, Defendant appeared in the Santa Fe Magistrate Court in response to charges of battery against a household member and false imprisonment. The parties disagree as to whether this proceeding should be characterized as an arraignment, however, the district court later concluded that it was not an arraignment. On May 30, 2007, the State filed a nolle prosequi of the complaint, asserting that the dismissal was without prejudice "pending further investigation." Also on May 30, 2007, the State filed a criminal complaint charging Defendant only with battery against a household member, a misdemeanor, based on the same incident. The State never refiled the felony charge of false imprisonment. For unknown reasons, Defendant was not arraigned on the May 30, 2007 complaint until August 21, 2007, nearly three months later. Trial was set for January 28, 2008, in magistrate court. The day before the scheduled trial date, Defendant moved to dismiss for violation of Rule 6-506(B), which sets forth and delineates the requirement that trial take place within 182 days of arraignment, and Rule 6-506A(A), which addresses the voluntary dismissal and refiling of charges. The magistrate court vacated the trial date to allow

the parties to argue the motion to dismiss. The magistrate court denied the motion to dismiss, and on March 11, 2008, Defendant was convicted after jury trial.

Defendant appealed de novo to district court on March 27, 2008. After the district court denied his renewed motion to dismiss, he entered a guilty plea, reserving his right to appeal the denial.

**DISCUSSION**

**Standard of Review**

"We review de novo questions of law concerning the interpretation of Supreme Court rules and the district court's application of the law to the facts of this case." *State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824.

**Preservation of the Issue in Magistrate Court**

The State argues that Defendant did not make an adequate showing in district court that he had brought the alleged Rule 6-506 violation to the attention of the magistrate court, and that the issue is thus not properly preserved for review in this Court.

If a defendant does not raise the issue of a 182-day rule violation in magistrate court, it is waived upon de novo appeal to district court. *State v. Hoffman*, 114 N.M. 445, 447, 839 P.2d 1333, 1335 (Ct. App. 1992). Here, the State acknowledged that Defendant had previously raised the issue by filing a motion to dismiss the day before

the original scheduled trial date of January 28, 2008. Thus, there appears to be no dispute as to the bare fact that the issue was raised in magistrate court. Because "[t]he magistrate court is not a court of record[,]" NMSA 1978, Section 35-1-1 (1968), neither Defendant's arguments nor the magistrate court's reasoning in denying the motion is available to us.

Defendant renewed his motion to dismiss on de novo appeal to the district court. "In a de novo appeal, . . . a district court conducts a new trial as if the trial in the lower court had not occurred[;]" however, a defendant may introduce facts from the earlier proceeding in support of an alleged violation of the 182-day rule. *Foster*, 2003-NMCA-099, ¶¶ 9-11. The record contains the following pleadings, which were filed in district court: Defendant's motion to remand to the magistrate court with instructions to dismiss, the State's response, Defendant's reply, and the district court's order denying the motion. Defendant attached three exhibits to his motion: a magistrate court criminal complaint (not file stamped), alleging battery against a household member and false imprisonment; a notice of dismissal of criminal complaint, file-stamped May 30, 2007; and a criminal complaint alleging only battery against a household member, also file-stamped May 30, 2007. We conclude that the issue was adequately preserved for our review.

**Violation of 182-Day Rule**

The purpose of the 182-day rule is "to effectuate a criminal defendant's right to a speedy trial and to assure prompt disposition of criminal cases." *State v. Savedra*, 2010-NMSC-025, ¶ 5, 148 N.M. 301, 236 P.3d 20 (internal quotation marks and citation omitted). "The focus of administration of the [182-day] rule should be on the defendant and his or her right to have a prompt disposition of his or her criminal charges." *Id.*

As relevant to this case, Rule 6-506(B) provides that "[t]he trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after whichever of the following events occurs latest: (1) the date of arraignment or the filing of a waiver of arraignment of the defendant[.]" Thus, the date of Defendant's arraignment in magistrate court is the starting point of our analysis.

In his district court motion to remand with instructions to dismiss, Defendant asserted that on May 4, 2007, he "was arraigned from the Santa Fe County Adult Detention Facility." He repeats this assertion in his brief in chief to this Court, stating that he "had an arraignment/first appearance via video conference" on May 4, 2007. In its order denying Defendant's motion to dismiss, the district court concluded otherwise, finding that Defendant was not arraigned until August 21, 2007. The district court found:

> [T]he complaint under which Defendant was found guilty at trial in [m]agistrate [c]ourt was a new complaint; it was not a refiled complaint

for purposes of Rule 6-506A(C) because the earlier complaint, filed in [m]agistrate [c]ourt on May 4, 2007 . . . did not give rise to a case within the magistrate court's trial jurisdiction.

. . . .

THE COURT FURTHER FINDS that Defendant was not arraigned until August 21, 2007, and therefore that the 182-day period under Rule 6-506(B)(1) would not have expired until February 19, 2008, which was 22 days after Defendant's case was originally scheduled to go to trial.

We agree with the result reached by the district court. As the court noted, the original complaint included both a felony and a misdemeanor. These charges were required to be joined in the same complaint, as they were "based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan." Rule 6-306(A)(2) NMRA. Felonies are not within the magistrate court's jurisdiction except for purposes of first appearance, preliminary examination or waiver thereof, and binding the defendant over to district court upon a finding of probable cause. *See* Rule 6-202 NMRA; Rule 6-501(D) NMRA. Thus, while we have no information regarding the nature of the proceedings on May 4, 2007, it is apparent that Defendant could not have been arraigned on that date because the complaint included a felony. Thus, the district court correctly concluded that the 182-day period did not begin to run until arraignment on August 21, 2007, and there was no violation of Rule 6-506.

6

**Voluntary Dismissal and Refiling by the State**

Defendant argues that the State's failure to request a hearing under Rule 6-506A(D) before the expiration of the original 182-day period caused the State to forfeit the right to argue that the second complaint did not constitute a continuation of the first complaint and thus resulted in a violation of Rule 6-506.

Rule 6-506A(D) provides:

> **Procedure after refile.** If a citation or complaint is dismissed without prejudice and the charges are later refiled, the case shall be treated as a continuation of the same case, and the trial on the refiled charges shall be commenced within the unexpired time for trial pursuant to Rule 6-506 . . . unless the court, after notice and a hearing, finds the refiled complaint should not be treated as a continuation of the same case.

In denying Defendant's motion to dismiss, the district court found that "the complaint under which Defendant was found guilty at trial in [m]agistrate [c]ourt was a new complaint; it was not a refiled complaint for purposes of Rule 6-506A(C) because the earlier complaint, filed in Magistrate Court on May 4, 2007 . . . did not give rise to a case within the magistrate court's trial jurisdiction." We conclude that the district court did not need to reach the question of whether the May 30, 2007 complaint was a new complaint for purposes of Rule 6-506A(C), and we decline to reach this potentially complex question. The relevant issue is not whether the May

7

30, 2007 complaint was a new one or a refiled one; it is whether a triggering event had started the running of the 182-day period. As discussed above, we conclude that because arraignment had not yet occurred, the period never began to run. While we have some concerns about the nearly three-month delay in arraigning Defendant after the May 30, 2007 complaint was filed, we hold that neither Rule 6-506 nor Rule 6-506A was violated.

**CONCLUSION**

For the reasons stated, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**