This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**D. CHIPMAN VENIE,**

    Plaintiff-Appellee,

v.                                                                                    **NO. 33,427**

**ANNA VELASQUEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

D. Chipman Venie
Albuquerque, NM

Pro Se Appellee

James Rawley
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1}    Appellant, Anna Velasquez, appeals from the district court's order dismissing her appeal. We issued a notice of proposed disposition proposing to affirm. Appellant

has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm the district court.

{2}    In her memorandum in opposition, Appellant continues to argue that the district court erred in determining that an audio transcript of the trial was necessary to support an appeal from the metropolitan court to the district court. [MIO 1] Appellant's argument that the district court could hear her appeal without reference to the trial court proceedings is an argument that she could appeal de novo to the district court. *See State v. Foster*, 2003-NMCA-099, ¶ 9, 134 N.M. 224, 75 P.3d 824 (noting that in a de novo appeal, in contrast to appeals on the record, a district court conducts a new trial as if the trial in the lower court had not occurred). The question whether a party is entitled to a de novo appeal in district court is a question of law that we review de novo. *See State v. Krause*, 1998-NMCA-013, ¶ 3, 124 N.M. 415, 951 P.2d 1076.

{3}    The district court dismissed Appellant's appeal of the metropolitan court judgment on the basis that she had failed to record the bench trial in metropolitan court. [RP 73-76] *See* Rule 3-708(A) NMRA ("Every civil proceeding in the metropolitan court shall be tape recorded if requested by a party."). We agree with the district court's analysis on this issue. [RP 73-76] The New Mexico Constitution grants district courts appellate jurisdiction over all inferior courts, and trials in district court

are de novo unless otherwise provided by law. *See* N.M. Const. art. VI, § 13; N.M. Const. art. VI, § 27; *State v. Wilson*, 2006-NMSC-037, ¶ 7, 140 N.M. 218, 141 P.3d 1272. In the case of civil appeals from metropolitan court, the Legislature has "otherwise provided by law" because pursuant to NMSA 1978, Section 34-8A-6(B) (1993), the metropolitan court is a "court of record" for civil appeals. *See Wilson*, 2006-NMSC-037, ¶ 7 (determining that Section 34-8A-6(C) creates an exception to the rule mandating de novo hearings for appeals from metropolitan court to district court because it provides that the metropolitan court is a court of record for certain cases, and appeals under this section are heard on record).

{4}    "On-record Metropolitan Court proceedings are an exception to the general rule that defendants are entitled to a de novo trial in district court[.]"  *Wilson*, 2006-NMSC-037, ¶ 11. In an on-record appeal from metropolitan court, the district court does not conduct a new trial; rather, it reviews the metropolitan court trial for legal error. *See Serna v. Gutierrez*, 2013-NMCA-026, ¶ 13, 297 P.3d 1238 (noting that in an on-record metropolitan court appeal, the district court reviews for legal error); *Foster*, 2003-NMCA-099, ¶ 9 (stating that in an on-record appeal from metropolitan court, the district court sits as a typical appellate court and reviews the trial in the lower court for legal error). Accordingly, we believe that Appellant's failure to make a record of the metropolitan court trial precludes appeal to district court. *See generally Michaluk v. Burke*, 1987-NMCA-044, ¶ 25, 105 N.M. 670, 735 P.2d 1176 ("Where

the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence."); *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 (observing that it is the duty of the appellant to provide a record adequate to review the issues on appeal).

{5}     In her memorandum in opposition, Appellant continues to argue that Plaintiff did not comply with Rule 3-708(A) NMRA, which states, "Every civil proceeding in the metropolitan court shall be tape recorded if requested by a party. The summons shall contain a notice of the right to request a taped record of the proceedings." [MIO 1-2] Additionally, Rule 3-202(B)(4) NMRA states that the summons shall include "a notice that the defendant may request prior to any proceeding that the proceeding be recorded. The notice shall advise the defendant if a tape recording is not made of the proceedings it may effectively preclude the defendant from appealing to the district court." The record indicates that Plaintiff failed to notify Appellant of the right to record the proceedings in his metropolitan court summons. [RP 75-76] Appellant argues that Plaintiff's failure to comply with the requirement of Rule 3-708(A) should operate as a waiver of his right to object to the lack of record on appeal. However, as we stated in our notice of proposed summary disposition, we do not agree that Plaintiff's failure to notify her of the right to record the proceedings creates a right to de novo appeal in district court in a civil case. Additionally, Appellant has not cited to authority in support of her argument that a party's failure to comply with the

4

aforementioned rules would constitute a waiver of the right to object to the lack of record on appeal. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists); *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority).

{6}     As we noted in the notice of proposed disposition, despite Plaintiff's failure to include the requisite notice in the summons, information regarding the right and the obligation to record the proceedings was readily available to Appellant, as it is plainly stated in metropolitan court rules. *See* Rule 3-708(A) (stating that every civil proceeding in metropolitan court shall be tape recorded if requested by a party); Rule 3-706(E)(5) NMRA (stating that the appellant shall file a copy of the record on appeal from metropolitan court to district court, which shall consists of any transcripts of the proceedings, either stenographically made or tape recorded).

{7}     Finally, Appellant continues to argue that the lack of a record does not bar review in this case because the issue before the metropolitan court involved a purely legal issue of whether the contract was substantively unconscionable. [MIO 2-3] Appellant asserts that this is a question of law that the court resolves by only looking at the contract terms. [MIO 2-4] Accordingly, Appellant argues that there is no difference between the district court reviewing for "legal error" and de novo review

5

under these circumstances. [MIO 4-5] *See Foster*, 2003-NMCA-099, ¶ 9 (stating that in an on-record appeal from metropolitan court, the district court sits as a typical appellate court and reviews the trial in the lower court for legal error).

**{8}** We disagree. We first reject Appellant's argument that courts review only the contract terms in determining whether a contract is substantively unconscionable. *See State ex rel. State Highway & Transp. Dep't v. Garley*, 1991-NMSC-008, ¶¶ 31-32, 111 N.M. 383, 806 P.2d 32 (holding that the common law rule to be applied to all contracts states that when a contract is claimed to be substantively unconscionable, the parties should be allowed to present evidence as to its commercial setting, purpose, and effect). Additionally, as we pointed out in the notice of proposed summary disposition, there was in fact a trial in metropolitan court. It therefore appears that the metropolitan court did not limit itself to reviewing the contract terms in determining whether the fee was unconscionable. For this Court to disregard evidence before the metropolitan court would be contrary to our longstanding case law. *See, e.g.*, *Michaluk*, 1987-NMCA-044, ¶ 25 ("Where the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence."); *Dillard v. Dillard*, 1986-NMCA-088, ¶ 6, 104 N.M. 763, 727 P.2d 71 (observing that the appellant has the duty to provide a record adequate to review the issues on appeal).

**{9}** For these reasons, we affirm the district court.

**{10}** **IT IS SO ORDERED.**

6

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**