IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>July 17, 2017</u>

**NO. 34,822**

**STATE OF NEW MEXICO ex rel.**
**HONORABLE DONNA BEVACQUA-YOUNG,**
**MAGISTRATE JUDGE, SANTA FE COUNTY,**

Plaintiff-Appellant,

v.

**MICHAEL STEELE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glenn Ellington, District Judge**

Hector H. Balderas, Attorney General
Ari Biernoff, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellee

# OPINION

**VIGIL, Judge.**

{1}     The State, on behalf of the Honorable Donna Bevacqua-Young, appeals from an order of the district court that vacated a judgment and sentence entered by the magistrate court for direct criminal contempt against Defendant Michael Steele, and further ordered that the contempt charge be dismissed with prejudice. Concluding that the district court acted beyond its jurisdiction by hearing the matter in its appellate capacity instead of hearing the criminal contempt charge de novo, we reverse.

**FACTS**

{2}     The magistrate court filed a criminal complaint charging Defendant with criminal contempt, together with an order on direct criminal contempt finding that Defendant committed direct criminal contempt during a video arraignment. It entered a judgment and sentence ordering Defendant to be confined in the Santa Fe County Detention Center for thirty days and pay court costs of $73. Defendant appealed to the district court, where he obtained an order staying execution of the sentence and his release from custody pending the result of the appeal. *See* Rule 6-703(D) NMRA (stating that execution of any sentence or fine "shall be stayed pending the results of the appeal to district court").

{3}     In the district court, Defendant filed a motion to vacate the judgment and sentence, asserting that he was denied the right of allocution before being sentenced, and that the magistrate court judgment should be set aside. *See Concha v. Sanchez*, 2011-NMSC-031, ¶ 27, 150 N.M. 268, 258 P.3d 1060 ("If feasible, even in summary proceedings for an act of direct contempt occurring in open court, an adequate opportunity to defend or explain one's conduct is a minimum requirement before imposition of punishment." (internal quotation marks and citation omitted)). In support of the motion, Defendant attached the notarized statement of a corrections officer who was in the arraignment room with the inmates that described what she observed during the arraignment. The State filed a response arguing that Defendant was not entitled to allocution because he was found to be in direct criminal contempt. In support of its position, the State attached to its response a copy of the magistrate court's order on criminal contempt and the judgment and sentence.[1]

{4}     The district court held a hearing on Defendant's motion to dismiss. No evidence was presented at the hearing, and the parties limited themselves to presenting legal arguments with reference to the documents attached to their

---

[1]Copies of these documents had already been filed in the district court. *See* Rule 5-826(F)(2), (3) NMRA (providing in part that in an appeal from the magistrate court to the district court, the magistrate court shall file with the district court clerk the record on appeal, which includes a copy of all papers and pleadings filed in the magistrate court, and a copy of the judgment or final order sought to be reviewed).

pleadings. At the end of the hearing, the district court "[accepted] as the factual basis, both the statements offered in the order of contempt issued by Judge Bevacqua-Young, and in the affidavit of the [corrections] officer" and concluded that Defendant was denied his right to allocute. The district court's order formalized its oral finding that Defendant was denied his right to allocution before being sentenced for direct criminal contempt, granted Defendant's motion to vacate sentence, ordered that the sentence on the order of direct contempt be vacated, and dismissed the case with prejudice. In addition, the district court ordered that the case be remanded to the magistrate court for its order to be implemented. The State appeals.

**DISCUSSION**

{5}     The district court in this case acted as an appellate court by undertaking a review of what the facts were in the magistrate court, and then determining whether the magistrate court committed reversible, legal error. Such review is referred to as an on-the-record review or an on-the-record appeal. *See State v. Foster*, 2003-NMCA-099, ¶ 9, 134 N.M. 224, 75 P.3d 824 (noting that if an appeal from the metropolitan court to the district court is on the record, "the district court acts as a typical appellate court reviewing the record of the lower court's trial for legal error"). The State's briefing before this Court assumes that the district court had jurisdiction to conduct an on-the-record appeal. The State's brief in chief only argues that the

3

district court erred in holding that Defendant was entitled to allocution, and that even if the Defendant was entitled to allocution, the district court erred in dismissing the contempt charge rather than remanding for resentencing. Defendant's answer brief in turn responds to the State's legal arguments.

{6}     Whether the district court had jurisdiction to engage in on-the-record review of the proceedings before the magistrate court raises a threshold jurisdictional question that we must resolve. "The question of jurisdiction is a controlling consideration that must be resolved before going further in a proceeding and may even be raised by the appellate court on its own motion." *State v. Favela*, 2013-NMCA-102, ¶ 6, 311 P.3d 1213 (internal quotation marks and citation omitted), *aff'd*, 2015-NMSC-005, 343 P.3d 178; *see also Smith v. City of Santa Fe*, 2007-NMSC-005, ¶ 10, 142 N.M. 786, 171 P.3d 300 ("[I]t is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them."). We review jurisdictional issues de novo. *Favela*, 2013-NMCA-102, ¶ 6.

{7}     The magistrate court has statutory jurisdiction "to punish for contempt only for disorderly behavior or breach of the peace tending to interrupt or disturb a judicial proceeding in progress before the magistrate or for disobedience of any lawful order or process of [its] court." NMSA 1978, § 35-3-9 (1991); *see* Rule 6-111 NMRA (establishing procedures to implement the inherent and statutory powers of a

4

magistrate court to impose punitive sanctions for criminal contempt of court). A person convicted of contempt by the magistrate court "may appeal to the district court in the same manner as in other criminal actions in the magistrate court." Section 35-3-9; *see* Rule 6-703(A) (stating that a party aggrieved by a judgment or final order in a criminal action may appeal to the district court); Rule 5-826 (setting forth the procedure to follow in a criminal appeal from the magistrate court to the district court).

{8}     "The magistrate court is not a court of record[,]" NMSA 1978, § 35-1-1 (1968), and therefore, "[a]ppeals from the magistrate courts shall be tried de novo in the district court." NMSA 1978, § 35-13-2(A) (1996); Rule 5-826(J) ("Trials upon appeals from the magistrate court . . . to the district court shall be de novo."); *see City of Farmington v. Pinon-Garcia*, 2013-NMSC-046, ¶ 1, 311 P.3d 446 ("[T]he right of appeal from courts not of record is the right to a trial or hearing de novo in district court[.]"). These provisions implement the right guaranteed by the New Mexico Constitution to an appeal from the magistrate court to the district court, "and in all such appeals, trial shall be had de novo unless otherwise provided by law." N.M. Const. art. VI, § 27. *See generally State v. Armijo*, 2016-NMSC-021, ¶¶ 3-13, 375 P.3d 415 (tracing the background, history, and evolution of appeals from the

magistrate court to the district court from the Pre-Territorial Kearney Code to the present).

**{9}** In a de novo appeal to the district court, there is "a new trial on the entire case —that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance." *State v. James*, 2017-NMCA-___, ¶ 3, ___ P.3d ___ (No. 33,312, Apr. 10, 2017) (alteration, internal quotation marks, and citation omitted) ; *see Foster*, 2003-NMCA-099, ¶ 9 (stating that in a de novo appeal, "a district court conducts a new trial as if the trial in the lower court had not occurred"). Thus, the district court was required to hold a trial, in which the State was required to prove beyond a reasonable doubt that Defendant committed direct criminal contempt of the magistrate court. *See Concha*, 2011-NMSC-031, ¶ 26 (stating that "criminal contempt is a crime in the ordinary sense" (alteration, internal quotation marks, and citation omitted)). Here, however, there was no trial de novo. Instead, as we have already observed, the district court acted as a typical appellate court and engaged in on-the-record review.

**{10}** "A court's jurisdiction derives from a statute or constitutional provision." *Armijo*, 2016-NMSC-021, ¶ 19 (internal quotation marks and citation omitted). "The right to appeal is also a matter of substantive law created by constitutional or statutory provision." *Id.* ¶ 19. The district court had jurisdiction, and was required to hold a

trial de novo on the criminal charge of direct criminal contempt of the magistrate court. However, the district court engaged in on-the-record review, and the district court had no jurisdiction to do so. The order of the district court must therefore be reversed and the case remanded to the district court for a de novo trial where the State must prove beyond a reasonable doubt that Defendant committed the crime of direct criminal contempt of the magistrate court.

**CONCLUSION**

{11}    The order of the district court in all respects is reversed, and the case is remanded to the district court for further proceedings in accordance with this opinion.

{12}    **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**