This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF ROSWELL,**

Plaintiff-Appellee,

v.                                                                      NO. A-1-CA-37249

**DAVID WARNER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Office of the City Attorney
Aaron S. Holloman, City Attorney
Parker William Patterson, Deputy City Attorney
Roswell, NM

for Appellee

David Warner
Roswell, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant David Warner appealed following his conviction for violation of a number of municipal ordinances. We previously issued a notice of proposed summary disposition in which we proposed to reverse and remand for de novo review of the municipal court's handling of apparent discovery violations. The City of Roswell (the City) has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse and remand.

{2}     Because the relevant background information has previously been set forth, we will avoid lengthy reiteration here. Instead, we will focus on the specific arguments articulated in the memorandum in opposition.

{3}     The City contends that, notwithstanding Defendant's clear efforts to obtain discovery at the municipal court level and his pretrial motion seeking sanctions for the City's discovery violations, as well as Defendant's request for review of the municipal court's handling of the apparent discovery violations in the course of his ensuing appeal, the district court should not be required to conduct such review. [MIO 1-5] In so arguing, the City contends that the *de novo* proceedings before the district court should be "totally independent and not bound in any way" by the municipal court proceedings, [MIO 2] and that the district court should be permitted to proceed "as if the trial in the lower court had not occurred." [MIO 3] Similarly, the City argues that the violation of Defendant's rights was remedied by the *de novo* proceedings

themselves. [MIO 4] However, these arguments are inconsistent with our jurisprudence.

{4} As we previously observed, [CN 3-4] the New Mexico Supreme Court has made clear that "[s]imply because municipal courts are not courts of record does not mean that the entire history of a case in municipal court is disregarded." *City of Farmington v. Pinon-Garcia*, 2013-NMSC-046, ¶ 12, 311 P.3d 446. In order to ensure that constitutional and procedural safeguards are duly enforced in the lower courts, the district courts are required to review the merits of potentially dispositive pretrial motions that are brought before them on appeal from courts not of record. *See id.* ¶¶ 2, 9. Moreover, such review must be based upon the facts then-existing in the lower courts. *Id.* ¶ 21; *State v. Verret*, No. A-1-CA-36336, 2018 WL 5306703, ___-NMCA-___, ___ P.3d ___ (Oct. 23, 2018).

{5} In its memorandum in opposition the City contends that in the absence of a well-developed record, it is impractical and unduly burdensome to require the district courts to review the course of the proceedings below. [MIO 2-5] Insofar as "many potentially dispositive procedural and evidentiary issues determined by the [lower] court[s] will leave no record," [MIO 2] the City argues that requiring review "[has] the effect of placing the district court in an impossible position, requiring it to guess at circumstances below[.]" [MIO 3] To avoid this untenable result, the City contends

3

that any entitlement to review must be predicated upon the adequate creation of a record by the appellant. [MIO 3-5]

**{6}** The decision rendered in the *Pinon-Garcia* case addresses this concern, insofar as it specifies that a party's entitlement to review is contingent upon a showing of adequate preservation, and insofar as it specifies that review is to be based on the record. 2013-NMSC-046, ¶¶ 12, 18-19, 21. In this case, as we explained in the calendar notice, [CN 4-5] the record on appeal reflects that Defendant duly preserved his argument by filing a pretrial motion at the municipal court level, in which he explained that he had been denied discovery and requested that the undisclosed evidence be excluded at trial as a consequence of the discovery violation. Insofar as the case actually proceeded to trial and the State was permitted to present its evidence, it is self-evident that the municipal court denied Defendant's motion. This is sufficient to satisfy the *Pinon-Garcia* requirements.

**{7}** We acknowledge that the record before the district court in this case may be less than ideally informative. However, this is largely as a consequence of the City's failure to respond in writing to Defendant's motion in limine. As such, we are disinclined to hold the deficiency against Defendant. We are similarly unpersuaded that the absence of a written order denying Defendant's motion should immunize the municipal court's ruling from review. *See State v. Foster*, 2003-NMCA-099, ¶ 23,

4

134 N.M. 224, 75 P.3d 824 (recognizing that the proceedings in courts not of record are often conducted with a certain degree of informality, and accordingly, "the absence of a written order is not fatal" to a request for appellate review). To the extent that the City may urge the Court to depart from *Foster*, on the theory that Defendant should have done more to create a detailed record of the municipal court proceedings, [MIO 2-3] we decline the invitation.

{8}     The City further argues that although the district courts may be in a reasonable position to evaluate rulings on pure questions of law, discretionary matters such as discovery disputes do not lend themselves to appellate review. [MIO 4] Once again, however, *Pinon-Garcia* instructs otherwise. As we previously observed, [CN 5] the Supreme Court specifically identified pretrial motions based on "discovery violations" as within the class of potentially dispositive motions subject to review on de novo appeal to the district courts. *Id.* ¶ 13. To the extent that the City may invite the Court to hold otherwise, we are not at liberty to do so. *See generally State v. Bello*, 2017-NMCA-049, ¶ 10, 399 P.3d 380 (recognizing parenthetically that the Court of Appeals is bound by Supreme Court precedent).

{9}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we conclude that the municipal court's denial of Defendant's motion in limine was properly before the district court for review. In light of the

district court's failure to conduct such review, we conclude that the issue must be sent back for appropriate consideration on the merits. *See, e.g., Pinon-Garcia*, 2013-NMSC-046, ¶ 22 (remanding under analogous circumstances).

{10}     We therefore reverse and remand for further proceedings.

{11}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**


**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**STEPHEN G. FRENCH, Judge**