923 P.2d 1165

STATE of New Mexico,
Plaintiff–Appellee,

v.

Cruz Lujan SANCHEZ, Defendant–
Appellant.

No. 16076.

Court of Appeals of New Mexico.

May 16, 1996.

Certiorari Denied Oct. 2, 1996.

Quinn Martin, Silver City, for Defendant–
Appellant.

Tom Udall, Attorney General, William
McEuen, Assistant Attorney General, Santa
Fe, for Plaintiff–Appellee.

*OPINION*

BOSSON, Judge.

1. Defendant pleaded guilty to a particularly gruesome sexual assault involving second degree criminal sexual penetration (CSP II, during the commission of a felony), aggravated burglary (battery committed), kidnapping, and aggravated battery (great bodily harm). Defendant was sentenced to fifty-six years in the penitentiary. He now contends that his CSP II conviction merges with either

the kidnapping or the aggravated burglary conviction because either one constitutes the underlying "commission of a felony" which enhances CSP II to a second degree felony and for which Defendant is already being punished. This appeal provides us with an opportunity to clarify the kind of factual record necessary to review a double jeopardy claim after a guilty plea and without the benefit of trial. We affirm.

*FACTS*

2. The grand jury indictment charged Defendant with the following:

COUNT 1: *CRIMINAL SEXUAL PENETRATION IN THE SECOND DEGREE (PERSONAL INJURY)* ...

or in the alternative:

*CRIMINAL SEXUAL PENETRATION IN THE SECOND DEGREE (COMMISSION OF A FELONY)* ...

COUNT 2: *AGGRAVATED BURGLARY (COMMITS BATTERY)* ...

COUNT 3: *KIDNAPPING (WITHOUT DEATH OR GREAT BODILY HARM)* ...

COUNT 4: *AGGRAVATED BATTERY (DEADLY WEAPON)* ...

or in the alternative:

*AGGRAVATED BATTERY (GREAT BODILY HARM)* ....

(Bold type omitted.)

3. Defendant pleaded guilty to all four counts before trial. There were no preliminary factual hearings. At the plea hearing, the State set out the factual basis for the plea by reading the indictment. The State was not asked to provide a more elaborate summary of the facts underlying the charges in the indictment. Defendant pleaded guilty to the alternative to count 1 (CSP II, commission of a felony) as well as count 2, count 3, and the alternative to count 4 without challenging the factual basis for the charges and without adding any facts of his own.

4. At the sentencing hearing, defense counsel for the first time raised the issue of whether CSP II (commission of a felony) merged with either count 2 (aggravated burglary) or count 3 (kidnapping). Defense counsel based the argument largely on the district attorney's statement at the earlier plea hearing that, as a preface to the factual basis for the indictment, the district attorney would "start with count 2 because it is part of, it is also a basis for count 1." The trial court denied the motion.

5. Defendant argues merger, but New Mexico courts have not adopted the common law doctrine of merger. *Swafford v. State,* 112 N.M. 3, 12, 810 P.2d 1223, 1232 (1991); *see also State v. Meadors,* 121 N.M. 38, 49 n. 10, 908 P.2d 731, 742 n. 10 (1995). We interpret this argument as a double jeopardy claim that the sentences for CSP II (felony), kidnapping, and burglary constitute multiple punishments.

*DISCUSSION*

*The Record Necessary to Review Consecutive Sentences for CSP II (commission of a felony) and the Underlying Felony*

6. Defendant contends that the consecutive sentences for Count 1 (CSP II), Count 2 (burglary), and Count 3 (kidnapping) constitute multiple punishments violating the Double Jeopardy Clause of the Fifth Amendment. He argues that either the burglary sentence or the kidnapping sentence is improper because the underlying felony for CSP II becomes a lesser included offense of the CSP II charge. The CSP statute reads, in part: "Criminal sexual penetration in the second degree consists of all criminal sexual penetration perpetrated ... (5) in the commission of any other felony." NMSA 1978, § 30-9-11(D)(5) (Supp.1995). It is undisputed that either kidnapping or aggravated burglary served as the underlying felony for CSP II in this case.

7. In *State v. Contreras,* 120 N.M. 486, 489, 903 P.2d 228, 231 (1995), our Supreme Court was asked to decide whether it was unconstitutional to sentence the defendant for both felony murder and the underly-

ing felony of armed robbery. The Court used the two-part analysis adopted in *Swafford*, 112 N.M. at 13, 810 P.2d at 1233. The first part of the analysis examines whether the conduct underlying the offenses is unitary. *Id.* Only for those instances of unitary conduct, the second part of the analysis then proceeds to determine whether the legislature intended multiple punishments for unitary conduct. *Id.*

■ 8. New Mexico courts have recognized that "ordinarily double jeopardy principles do not preclude multiple punishment for both CSP II, felony, and kidnapping." *State v. Pisio*, 119 N.M. 252, 261, 889 P.2d 860, 869 (Ct.App.1994), *certs. denied*, 119 N.M. 20, 888 P.2d 466 (1995); *accord State v. McGuire*, 110 N.M. 304, 309–10, 795 P.2d 996, 1001–02 (1990); *State v. Tsethlikai*, 109 N.M. 371, 373–74, 785 P.2d 282, 284–85 (Ct.App.1989), *cert. denied*, 109 N.M. 262, 784 P.2d 1005 (1990). There is an exception for "special circumstances" when the criminal acts constitute unitary conduct. *Pisio*, 119 N.M. at 261, 889 P.2d at 869. "[W]e should presume a legislative intent to punish as a single offense unitary conduct underlying multiple counts in certain circumstances. Those circumstances include ... unitary conduct resulting in a charge of two offenses when one subsumes the other." *Id.* However, unitary conduct is fact specific; it requires meticulous review of the factual scenario and can rarely be determined on just the face of the indictment. *See e.g., Contreras*, 120 N.M. at 490, 903 P.2d at 232; *Swafford*, 112 N.M. at 13–15, 810 P.2d at 1233–35 (1991); *Herron v. State*, 111 N.M. 357, 361, 805 P.2d 624, 628 (1991). Defendant's double jeopardy claim must be preceded by a careful review of the evidence so that we can first ascertain whether the offenses comprised unitary conduct. However, Defendant bases his double jeopardy claim solely on the indictment with no underlying factual record.

9. In *Pisio*, this Court held that convictions for kidnapping and CSP II (commission of a felony) violated double jeopardy principles for just the reasons articulated in this appeal. Indeed, at first glance *Pisio* might appear to require reversal of Defendant's kidnapping conviction. However, Defendant's reliance on *Pisio*, 119 N.M. at 261–62, 889 P.2d at 869–70, is no help to his appeal. Before the *Pisio* Court resolved the question of double jeopardy, it first engaged in an exhaustive review of the facts presented at trial to determine whether the conduct was unitary. *Id.* at 260–61, 889 P.2d at 868–69. The facts of the rape and kidnapping in *Pisio* were divided into their temporal components and analyzed incrementally. This Court characterized as unitary those parts of the attack that ran together in terms of time and place, and held that for those acts the defendant could not be convicted of both CSP II and kidnapping. *Id.* at 261, 889 P.2d at 869. However, this Court determined that other components of the attack were not unitary because they were separated in terms of time or place or in some other fashion. Those crimes were not vulnerable to a double jeopardy challenge even though the rape and kidnapping occurred in one residence over an uninterrupted period of time. *Cf. id.; McGuire*, 110 N.M. at 308–09, 795 P.2d at 1000–01 (conduct was not unitary where kidnapping substantially preceded rape in terms of time, place, and intervening events). In short, the *Pisio* Court applied a microscopic focus to the facts of the assault, culling and sorting each detail of the overall event until it could determine which portions of the attack were unitary and which were not.

10. In stark contrast to *Pisio*, the present case has no factual record upon which this Court can decide which conduct, if any, was unitary. Defendant asserts in his brief that the entire attack lasted less than thirty minutes and took place in only one room at the victim's home. However, counsel's assertions are not evidence, and counsel does not cite anywhere in the record where these facts were established below. We are left with the barebone allegations in the indictment which are plainly insufficient for a *Pisio* analysis. We have no way of determining which part of Defendant's conduct, if any, was unitary, and we will not engage in conjecture on appeal

for Defendant's benefit. *See Thomas v. Kerby*, 44 F.3d 884, 888 (10th Cir.1995) (unless charging information and record establish unitary conduct as a matter of law, there is at most an unresolved dispute of fact precluding double jeopardy challenge to guilty plea).

■ 11. We do not mean to imply that unitary conduct can never be established from the record of a guilty plea without a trial. This Court has previously reviewed double jeopardy issues following a guilty plea when defense counsel placed sufficient facts in the record. *See State v. Handa*, 120 N.M. 38, 41–42, 897 P.2d 225, 228–29 (Ct.App.) (using facts from a pretrial motion to strike and from a sentencing memorandum to determine double jeopardy claim), *cert. denied*, 119 N.M. 771, 895 P.2d 671 (1995); *State v. Jackson*, 116 N.M. 130, 132, 860 P.2d 772, 774 (Ct.App.) (basing double jeopardy decision upon summary of facts put on the record at plea hearing), *cert. denied*, 115 N.M. 795, 858 P.2d 1274 (1993); *Tsethlikai*, 109 N.M. at 372–74, 785 P.2d at 283–85 (using sentencing memorandum for double jeopardy analysis). We place the burden on the defendant, the party raising the double jeopardy challenge, to provide a sufficient record for the court to determine unitary conduct and complete the remainder of the double jeopardy analysis. *See State v. Wood*, 117 N.M. 682, 687, 875 P.2d 1113, 1118 (Ct.App.) (holding there must be a factual basis in the record to support a double jeopardy claim), *cert. denied*, 117 N.M. 744, 877 P.2d 44 (1994); *cf. State v. Clark*, 108 N.M. 288, 292–93, 772 P.2d 322, 326–27 (1989) (when challenging a plea agreement the initial burden is on the defendant), *cert. denied*, 493 U.S. 923, 110 S.Ct. 291, 107 L.Ed.2d 271 (1989), *and overruled on other grounds by State v. Henderson*, 109 N.M. 655, 664, 789 P.2d 603, 614 (1990). This is also fundamentally fair to the State which must have the opportunity to contest Defendant's version of the facts.

### Reserving the Issue Below for Appeal

12. The State argues that Defendant failed to reserve the double jeopardy issue for appeal when he entered an unconditional guilty plea. *See State v. Hodge*, 118 N.M. 410, 417, 882 P.2d 1, 8 (1994). Addressing a similar argument in *Handa*, this Court held that under *Jackson* and New Mexico's anti-waiver statute, we could address a double jeopardy claim on appeal after a guilty plea. We believe that the reasoning of *Handa* is applicable to this case. Further, New Mexico statutes also permit a defendant to raise a double jeopardy claim for the first time on appeal. *See* NMSA 1978, § 30–1–10 (Repl. Pamp.1994) (anti-waiver statute).

13. In *Handa*, this Court determined that the requirements of *Hodge* are met when it is obvious to the trial court and the state that defendant intends to seek appellate review of the issue and neither the trial court nor the state indicates opposition to the plea under the circumstances. *See Handa*, 120 N.M. at 41–42, 897 P.2d at 228–29; *see also Hodge*, 118 N.M. at 417, 882 P.2d at 8; *cf. United States v. Broce*, 488 U.S. 563, 573–74, 109 S.Ct. 757, 764–65, 102 L.Ed.2d 927 (1989) (holding that collateral challenge on basis of failure to hold factual hearing on double jeopardy claim not permissible after guilty plea absent certain exceptions).

■ 14. In the present case, double jeopardy was specifically raised at the sentencing hearing. Both the district attorney and the trial court intimated on the record their anticipation of an appeal on the issue. Under these facts, Defendant's plea was not "unconditional" but was a constructively conditional plea. *Cf. Hodge*, 118 N.M. at 418, 882 P.2d at 9. Although the State objected to Defendant raising a double jeopardy challenge after the plea had already been entered, the State did not oppose the plea or ask that it be withdrawn so that the State could proceed to trial. As our Supreme Court stated in *Hodge*, "it was obvious to all concerned that . . . defendant intended to seek an appellate ruling on the question." 118 N.M. at 417, 882 P.2d at 8. Although it is admittedly a close call, we will permit Defendant to raise this double jeopardy claim on appeal under these circumstances and in light of the anti-

waiver statute despite the guilty plea. *See Handa,* 120 N.M. at 41–42, 897 P.2d at 228–29. However, we caution that in the future parties should adhere to the conditional plea procedure set forth in *Hodge,* 118 N.M. at 417–20, 882 P.2d at 8–11.

### CONCLUSION

15. Because Defendant failed to establish a sufficient factual record below, this Court cannot ascertain whether Defendant's conduct was unitary. Absent that critical first step, we cannot proceed further to analyze Defendant's claim of double jeopardy. Accordingly, we affirm the judgment of conviction below.

16. IT IS SO ORDERED.

FLORES and BUSTAMANTE, JJ., concur.