**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                      **NO. 29,230**

**BOBBY DORRIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant is appealing from a district court order denying his motion to modify his sentence.  Although Defendant had entered a plea [RP 85], without reserving any issues, all of his issues on appeal are directed toward the sentence, and are therefore reviewable.  We issued a calendar notice proposing to affirm, and Defendant has

responded with a memorandum in opposition. We affirm.

Initially, we note that separate but similar records have been filed with this Court, reflecting the consolidation of the criminal proceedings below. All references will be to the record in CR 2007-323.

**Issues 1-3:** Defendant continues to claim, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), that double jeopardy requires merger for many of his convictions. [MIO 4] *Cf. State v. Handa*, 120 N.M. 38, 40-43, 46, 897 P.2d 225, 227-30 (Ct. App. 1995) (concluding that double jeopardy issues may be raised notwithstanding plea, but noting that appropriate remedy for violation would be remand to permit withdrawal of plea).

Because we are primarily dealing with separate statutes, we apply a "double description" analysis. *See Swafford v. State*, 112 N.M. 3, 8, 810 P.2d 1223, 1228 (1991). As set out in *Swafford*, this Court applies a two-part test to a claim of multiple punishment. First, we consider whether the conduct underlying the offenses is unitary. If there is unitary conduct, we next consider whether the Legislature intended multiple punishments for unitary conduct. *Id.* at 13-14, 810 P.2d at 1233-34. However, if it is not unitary, then there is no need to inquire as to the second part of the test. *Id.* at 14, 810 P.2d at 1234. Four of the counts involve "unit of prosecution"

claims, with two counts each of child abuse and failure to register as a sex offender. For "unit of prosecution" cases, "[t]he relevant inquiry . . . is whether the [L]egislature intended punishment for the entire course of conduct or for each discrete act." *Swafford*, 112 N.M. at 8, 810 P.2d at 1228.

We conclude that Defendant has not established a sufficient factual basis that the conduct was unitary for purposes of either the double description analysis or the unit of prosecution analysis. *See State v. Sanchez*, 1996-NMCA-089, 122 N.M. 280, 923 P.2d 1165 (holding that, although a defendant may raise double jeopardy claim after plea, appellate courts will not consider claim in absence of adequate record). To the contrary, the limited record on the predicate facts indicates that the conduct was not unitary, in that there were separate victims, and the two counts of child abuse in CR-2007-323 [RP 85] involved separate facts—the use of the gun and the attempted kidnapping. [RP 201-203] With respect to child abuse and attempted kidnapping in CR-2007-323 [MIO 4], in the absence of any indication that any of the particular elements of the crimes would merge, we are not inclined to merge them on this limited record. With respect to attempted kidnapping and aggravated assault in CR-2007-324 [MIO 4], punishment for these separate crimes serve different societal goals. *Cf. State v. Carrasco*, 1997-NMSC-047, ¶ 35, 124 N.M. 64, 946 P.2d 1075 (noting that elements of assault and false imprisonment protect different societal values).

**Issue 4:**  Defendant also continues to maintain that the district court erred by reducing his eligibility for good time credit pursuant to NMSA 1978, § 33-2-34(L)(4)(o) (2006).  [MIO 5]  Defendant is claiming that a jury, not the judge, must make the requisite finding.  However, this Court has ruled that a defendant is not entitled to have a jury determination of this issue.  *State v. Montoya*, 2005-NMCA-078, ¶¶ 11-15, 137 N.M. 713, 114 P.3d 393, and we decline Defendant's invitation [MIO 6-7] to reconsider the matter.

**Issue 5:**  Defendant continues to argue that his sentence was cruel and unusual. [MIO 7]  "A trial court's power to sentence is derived exclusively from statute." *State v. Martinez,* 1998-NMSC-023, ¶ 12, 126 N.M. 39, 966 P.2d 747.  On appeal, this Court reviews a defendant's sentence for abuse of discretion.  We will not hold that the district court has abused its discretion by imposing a sentence that is authorized by law.  *See State v. Cumpton*, 2000-NMCA-033, ¶¶ 9-10, 129 N.M. 47, 1 P.3d 429. "In imposing a sentence or sentences upon a defendant, the trial judge is invested with discretion as to the length of the sentence, whether the sentence should be suspended or deferred, or made to run concurrently or consecutively within the guidelines imposed by the Legislature." *State v. Duran*, 1998-NMCA-153, ¶ 41, 126 N.M. 60, 966 P.2d 768.

In the present case, Defendant's plea agreement contained no agreement as to

4

sentencing, and additional charges were dismissed.  [RP 86-87]  The district court, acting within its legal discretion, ordered all Defendant's sentences be served consecutively for a total of forty-five years. [RP 167] *See id.*; *see also State v. Augustus*, 97 N.M. 100, 101, 637 P.2d 50, 51 (Ct. App. 1981) (observing that a jail sentence imposed upon a defendant which was in accordance with the law did not constitute an abuse of discretion).  As a result, we hold that Defendant has not established that the district court imposed an illegal sentence, and, therefore,  he has not established an abuse of discretion. *See Cumpton*, 2000-NMCA-033, ¶¶ 9-11. We also believe that the nature of these crimes does not support the contention that the sentence is unrelated to the inherent, acceptable goals of punishment, or that the sentence is disproportionate. *See State v. Garcia*, 99 N.M. 771, 780, 664 P.2d 969, 978 (1983).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JAMES J. WECHSLER**, **Judge**


_____
**CELIA FOY CASTILLO, Judge**