This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                            **NO. 30,251**

**RONNIE YARBROUGH**

    Defendant-Appellant,


**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Robert S. Orlik, District Judge**

Gary King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant was accused of first-offense driving while intoxicated (DWI), contrary to NMSA 1978, § 66-8-102(A) (2008) (amended 2010), and driving without a license, contrary to NMSA 1978, § 66-5-2 (2007). He initially faced charges in magistrate court but was ultimately convicted of DWI in a bench trial before the district court. Defendant appeals his conviction arguing that the district court trial violated his right to be free from double jeopardy, and the State purposefully and vindictively attempted to deprive Defendant of his "vested" right to jury trial. Defendant asks this Court to reverse his conviction and dismiss his charges, or honor his right to a jury trial. We disagree and affirm Defendant's DWI conviction.

**BACKGROUND**

On January 6, 2009, the date set for jury selection in the magistrate court, the State moved for mistrial during its voir dire of the jury venire. The magistrate court is not a court of record, and the record on appeal is undeveloped as to the magistrate court proceedings. It appears as though defense counsel objected to many of the prosecutor's statements and questions during voir dire, and the State believed that a mistrial was necessary because the defense counsel's objections had prejudiced the jury against Defendant. It also appears that defense counsel initially objected to a mistrial, but Defendant instructed his counsel to inform the magistrate court that he

would not oppose the State's motion because he did not want to risk conviction if the jury had been tainted. The magistrate judge's handwritten notes indicate that Defendant also believed that the jury panel was prejudiced. The magistrate court granted the State's motion for mistrial on the grounds of manifest necessity. The State filed a criminal information in the district court before the magistrate court officially closed the case. The magistrate court closed the case on February 10, 2009. Defendant was arraigned on February 13, 2009.

Trial was set for June 29, 2009, with district court Judge Orlik presiding. In May, the parties appeared before the district court for a pretrial conference. At that time, the State asserted that the case would be quick and simple for the judge to decide and requested the judge use his discretion to grant a bench trial in this case. In response, Defendant asserted that if the case was as simple as the State claimed, then the State should dismiss the case outright. Defendant also asserted that if the State chose to proceed, then he had a right to a jury trial. The judge denied the State's request, stating that Defendant is entitled to a jury trial at his request.

On June 26, 2009, the parties again appeared in front of Judge Orlik for two defense motions regarding discovery and a continuance. At that time, the State asserted that it would object to a continuance unless Defendant was willing to proceed with a bench trial. The State expressed its belief that the case would be "a ten-minute

hearing," and that the interest of justice would better be served with a bench trial. The prosecutor argued that it could convince "anybody, anyplace, anywhere," that a defendant was impaired to the slightest degree, but he likely could not convince a judge. The State also informed the court that it had asked then-presiding chief district court judge, Judge Hartley, to testify as to the appropriateness of a bench trial. The district court heard testimony from Judge Hartley regarding the cost of impaneling a jury and the discretionary nature of jury trials when a defendant faces a maximum sentence of less than a year. Judge Hartley also testified that it was his practice to conduct bench trials when a jury trial was not mandatory. Judge Orlik responded to Judge Hartley's testimony by noting that he was more concerned with the constitutional requirement for jury trials than finances. He also explained that, as he understood the requirement, a jury trial was not mandatory for cases involving less than a year of incarceration. He asked Judge Hartley if he agreed. Judge Hartley expressed his concurrence and elaborated that he did not believe that there was a requirement for a jury trial in minor criminal matters.

Defense counsel responded with a brief recitation of the case's procedural posture. After listening to the magistrate court and the State, Defendant decided it would be in his best interest to have a different jury panel if defense counsel's objections to the State's questions had angered the current magistrate court jury panel.

4

Defendant's counsel explained that he was entitled to a jury trial for petty misdemeanors in magistrate court and indicated that he had prepared for a new jury trial in magistrate court. Counsel expressed concern that when the State instead filed the criminal information in district court it was attempting to deprive Defendant of his right to a trial by jury. Defendant also argued that the hearing was scheduled on Defendant's discovery motion, not on the issue of whether Defendant had the right to a jury trial. Given the unexpected issue of the right to a jury trial raised during the hearing, defense counsel asserted that the State's conduct raised concerns regarding double jeopardy and that "there may be a double jeopardy issue." Defendant argued that the State was trying to avoid giving Defendant "two bites at the apple." Counsel argued that he did not want Defendant to lose his rights, that he did believe Defendant has a right to jury trial and that "perhaps his rights are being threatened by double jeopardy at this point."

The State responded that it would ask for a jury trial if Defendant wanted two bites at the apple. The State reiterated its belief that Judge Orlik could quickly decide this case and the high probability that a result would go against the State. The State also asserted that, if needed, it would ask the magistrate judge to testify as to why he granted the mistrial on the basis of manifest necessity because the facts were different than defense counsel had presented them. Defendant objected to the States's assertion

5

regarding the facts. Defense counsel argued that the State was implying that he had attempted to mislead the district court regarding the magistrate court proceedings. Judge Orlik responded that the court was not misled, that the State's attorney had a tendency to unintentionally use nuances that some people might find offensive, and that the court did not believe the State had done so during the current proceedings. The district court granted Defendant's request for a continuance and stated that it would set the matter for a bench trial.

The district court held a bench trial on November 4, 2009. In his capacity as factfinder, Judge Orlik found Defendant guilty of first offense DWI. Judge Orlik based his decision on a videotape of Defendant's performance on his field sobriety tests. Defendant filed a timely notice of appeal.

**DISCUSSION**

Defendant argues on appeal that there was no manifest necessity for mistrial in the magistrate court and double jeopardy should have barred retrial of the charges in district court. U.S. Const. amend. V; N.M. Const. art. II, § 15. Defendant also argues that this Court should dismiss the charges with prejudice because the State's misconduct violated due process and his "vested right" to a jury trial.

**A.    Double Jeopardy**

The Double Jeopardy Clause of the United States Constitution and the New

6

Mexico Constitution guarantees that no person shall be put in jeopardy twice for the same offense. U.S. Const. amend. V; N.M. Const. art. II, § 15. "If . . . the trial court declares a mistrial and discharges the jury, the [d]ouble [j]eopardy [c]lause prohibits a defendant from being placed in jeopardy again at a second trial for the same offense unless there is a manifest necessity for the discharge of the first jury. . . ." *State v. Foster*, 2003-NMCA-099, ¶ 7, 134 N.M. 224, 75 P.3d 824 (internal quotation marks and citation omitted). "Jeopardy attaches in a jury trial when the jury is empaneled and sworn[.]" *Cnty. of Los Alamos v. Tapia*, 109 N.M. 736, 737 n.1, 790 P.2d 1017, 1018 n.1 (1990). Defendant notes the "unusual nature of the facts" in this case: "The [S]tate moved for mistrial *during voir dire.*" For the purposes of this Opinion, we shall assume without deciding that jeopardy can attach to Defendant's charges at the time of the voir dire proceedings.

Defendant did not properly object to a mistrial in the magistrate court and did not invoke a ruling on this issue in the district court. The issue of double jeopardy, however, can be raised for the first time on appeal, and this Court will review a defendant's contention that his constitutional guarantees against double jeopardy were violated under a de novo standard of review. *State v. Lopez*, 2008-NMCA-002, ¶ 12, 143 N.M. 274, 175 P.3d 942. However, Defendant's double jeopardy claim is fact specific and requires this Court to carefully review the evidence to determine the

existence of manifest necessity. *See State v. Messier*, 101 N.M. 582, 584-85, 686 P.2d 272, 274-75 (Ct. App. 1984) ("Determination of the propriety of manifest necessity must be made under the particular facts of each individual case."). As a result, this Court will only review Defendant's claim if there is a factual basis in the record to support the claim. *See State v. Wood,* 117 N.M. 682, 687, 875 P.2d 1113, 1118 (Ct. App. 1994) (holding there must be a factual basis in the record to support a double jeopardy claim).

The State asserts that the factual record on appeal is inadequate for this Court to review the propriety of Defendant's claim. In response, Defendant argues that the magistrate court is not a court of record and, "the defense did everything it could to preserve the facts underlying the improper declaration of mistrial in magistrate court." But, Defendant was not, as he claims, "powerless to improve upon [the] record," or to otherwise factually develop his claim for appeal. "We place the burden on the defendant, the party raising the double jeopardy challenge, to provide a sufficient record for the court . . . ." *State v. Sanchez,* 1996-NMCA-089, ¶ 11, 122 N.M. 280, 923 P.2d 1165. This requirement is "fundamentally fair to the State which must have the opportunity to contest Defendant's version of the facts." *Id.*

When a district court reviews a magistrate court's grant of mistrial on the basis of manifest necessity, it must make an independent determination, but it may review

the events that transpired in the magistrate court to the extent necessary to make a meaningful determination. *Foster*, 2003-NMCA-099, ¶¶ 19-20. The facts in *Foster* are significantly different from the present case because the defendant objected to the magistrate court's finding of manifest necessity and there was a much more extensive record for the district court to review. *Id.* ¶ 4. However, this Court briefly addressed questions that might arise when, as in this case, the factual record before the district court is missing material information. *Id.* ¶ 18. We reasoned that the district court should permit "generous allowance for record modification" if a defendant requests to supplement a sparse record with necessary and omitted material information pursuant to Rule 6-703(G) NMRA. *Foster*, 2003-NMCA-099, ¶ 18. Thus, at a defendant's request, the district court may independently inquire as to proceedings in the magistrate court when necessary to make a meaningful determination of the existence of manifest necessity. *Id.* ¶¶ 19-20; *see also State v. Antillon*, 2000-NMSC-014, ¶ 12, 129 N.M. 114, 2 P.3d 315 (concluding that it is "unjust to prevent the defendant from including evidence relevant to [the] defense [of double jeopardy] in the record proper").

In this case, defense counsel made no such request for an independent inquiry or to supplement the record. The record on appeal indicates that defense counsel merely asserted that "perhaps" there was a double jeopardy violation and that trial in

the district court "may" violate Defendant's rights. Now Defendant makes numerous unsupported assertions regarding the State's bad faith, the magistrate court's failure to consider alternatives to a mistrial, and the lack of an emergency to justify the finding of manifest necessity. But these assertions are not evidence, and defense counsel does not cite to any factual evidence in the record to support where these assertions were established below. *See State v. Gonzales*, 2011-NMCA-007, ¶ 30, 149 N.M. 226, 247 P.3d 1111 (refusing to consider Defendant's "unsupported and speculative suggestion[s]" in the absence of citations to the record), *cert. denied*, 2010-NMCERT-012, 150 N.M. 492, 263 P.3d 269.

Moreover, the record provides this Court with no factual information regarding any prosecutorial misconduct or bad faith. There is no record to determine whether such conduct occurred or would otherwise negate the existence of manifest necessity. We will not speculate on appeal regarding the record. *See Sanchez*, 1996-NMCA-089, ¶ 10 (refusing to "engage in conjecture" when the defendant raised a double jeopardy claim based on unitary conduct without establishing a sufficient factual record to support his claim); *State v. Andazola*, 2003-NMCA-146, ¶ 27, 134 N.M. 710, 82 P.3d 77 (finding the record inadequate to review the defendant's double jeopardy claim). As such, the record is inadequate to support Defendant's double jeopardy claims on appeal.

Additionally, the record we do have supports the grant of a mistrial. We have the magistrate judge's handwritten notes and order granting the mistrial. The notes state, "Def[endant] does not oppose—Defendant ask[s] for mistrial—Def[endant] thinks jury panel prejudiced." The order indicates that the State made the motion for mistrial without opposition from Defendant, and the magistrate court granted the motion on the grounds of manifest necessity. Defendant's concurrence in the State's motion for mistrial supports a determination that manifest necessity was established. Such a concurrence is now binding on Defendant. *State v. Collins*, 2007-NMCA-106, ¶ 27, 142 N.M. 419, 166 P.3d 480 (recognizing that to "allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice" (internal quotation marks and citation omitted)). Accordingly, Defendant's double jeopardy argument fails.

**B.      Prosecutorial Misconduct**

We next address Defendant's argument that the State's conduct was an improper and manipulated attempt to deny Defendant his right to a trial by jury in violation of Defendant's due process rights. "An appellate review of a prosecutorial misconduct claim presents a mixed question of law and fact." *State v. McClaugherty*, 2008-NMSC-044, ¶ 39, 144 N.M. 483, 188 P.3d 1234. "The appellate court will defer to the district court when it has made findings of fact that are supported by substantial

11

evidence and reviews de novo the district court's application of law to the facts." *Id.*

In support of his claim, Defendant first argues that his right to a trial by jury was "vested" at the magistrate court level and thus, the district court had no discretion to hold a bench trial. However, the district court concluded that Defendant had not made a demand for trial by jury, and even if Defendant had requested a jury trial, we see no reason why Defendant's right to a trial by jury in a magistrate court transfers to the district court such that it becomes a "vested" right. *See State v. Lyon*, 103 N.M. 305, 310, 706 P.2d 516, 521 (Ct. App. 1985) (affirming district court's bench trial conviction of a defendant for first offense DWI where the defendant had filed a formal jury demand at the district court level and defendant was convicted by jury of a greater DWI offense at a metropolitan court); *State v. Haar*, 94 N.M. 539, 540, 612 P.2d 1350, 1351 (Ct. App. 1980) (holding that a defendant is not entitled to jury trial de novo in district court for first offense DWI after a trial by jury in magistrate court). In addition, Defendant cites no authority on point for this novel "vested right" to a jury trial argument. As a result, we will not address it on appeal. *See Gonzales*, 2011-NMCA-007, ¶ 19 (explaining that this Court has no duty to review arguments that are not adequately developed); *see also State v. Torres*, 2005-NMCA-070, ¶ 34, 137 N.M. 607, 113 P.3d 877 (stating that this Court will not address issues unsupported by argument and authority).

Next, Defendant argues that the State's motives in seeking a mistrial were improper and were actually aimed at depriving Defendant of his right to a trial by jury. Defendant concedes, however, that the charges against Defendant do not automatically entitle Defendant to a right to trial by jury. To the extent Defendant speculates about "vindictive prosecution" or some grandiose plan by the State to deny Defendant a jury trial, the evidence presented before the district court did not support such a plan. Defendant fails to cite to any facts in the record or other authority in support of this contention, and we decline to review Defendant's undeveloped argument on appeal. *See State v. Ortiz*, 2009-NMCA-092, ¶ 32, 146 N.M. 873, 215 P.3d 811 (noting that it is the party's responsibility to connect legal theories to the pertinent elements and the factual support for those elements and that this Court may decline to review undeveloped arguments on appeal). As a result, the record does not establish that Defendant's conviction for DWI should be overturned on the basis of prosecutorial misconduct.

**CONCLUSION**

For the foregoing reasons, we affirm the ruling of the district court.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

13

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**JONATHAN B.  SUTIN, Judge**