This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                            **NO. 33,723**

**JAMES SIMPSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff Foster McElroy, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Adam Greenwood, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     A grand jury indicted Defendant James Simpson for operating a motor vehicle with a blood or breath alcohol concentration (BAC) of eight one-hundredths (.08) or more, and intentionally damaging a police car owned by the Town of Taos, New Mexico. Defendant was consequently charged with one count of driving while intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102(C)(1) (2010), and one count of criminal damage to property (over $1000), contrary to NMSA 1978, Section 30-15-1 (1963). Defendant moved to vacate the latter charge on the ground that it "ar[ose] from the same single course of conduct addressed in" the DWI charge, violating his right to be free from double jeopardy. (Internal quotation marks omitted.) The district court denied that motion, and Defendant ultimately accepted a conditional plea, reserving his right to file this appeal. We affirm.

**BACKGROUND**

{2}     There was no trial below, and the record is mostly devoid of any factual background, but a few details were elicited at the plea hearing. Had the case gone to trial, Officer Austin Barnes of the Taos Police Department would have testified that Defendant crashed into his patrol car after "fail[ing] to yield," causing over $1000 in damages. Officer Victor Flores of the New Mexico State Police would have testified that Defendant then submitted to a blood alcohol test and was determined to be driving while intoxicated. The parties agreed in separate hearings that the evidence

was sufficient for a reasonable jury to convict Defendant of both DWI and criminal damage to property.

{3}     Prior to pleading guilty, Defendant cited several of our felony murder precedents and argued to the district court that DWI was being used by the State as a "predicate" to the charge of criminal damage to property. According to Defendant, the State could not prove an element of criminal damage to property (the intent element) without also proving DWI; one crime was thus subsumed by the other; and Defendant was therefore facing two convictions for a single course of conduct. He now raises those same contentions on appeal. Our review is de novo. *State v. Bernal*, 2006-NMSC-050, ¶ 6, 140 N.M. 644, 146 P.3d 289.

**DISCUSSION**

{4}     The constitution protects against both successive prosecutions and multiple punishments for the same offense. *Swafford v. State*, 1991-NMSC-043, ¶ 6, 112 N.M. 3, 810 P.2d 1223. There are two types of multiple punishment cases: unit-of-prosecution cases, in which an individual is convicted of multiple violations of the same criminal statute, and double-description cases, in which a single act results in multiple convictions under different statutes. *Id.* ¶¶ 8-9. Defendant's argument involving the separate crimes of DWI and criminal damage to property raises double-description concerns.

**{5}** Our courts apply a two-part inquiry to double-description claims. *State v. Gutierrez*, 2011-NMSC-024, ¶ 51, 150 N.M. 232, 258 P.3d 1024. First, we analyze the factual question "whether the conduct underlying the offenses is unitary, i.e., whether the same conduct violates both statutes," and if so, we consider the legal question "whether the [L]egislature intended to create separately punishable offenses." *Id.* (internal quotation marks and citation omitted). "If it reasonably can be said that the conduct is unitary, then [we] must move to the second part of the inquiry. Otherwise, if the conduct is separate and distinct, [the] inquiry is at an end." *Swafford*, 1991-NMSC-043, ¶ 28.

**Unitary Conduct**

**{6}** Defendant argues that the conduct of DWI and criminal damage to property in this case was both factually unitary and "unitary by definition." The latter argument relies on a narrow doctrine—sometimes referred to as "unitary conduct as a matter of law"—that arose in the context of felony murder, where a jury necessarily resolves the fact-based unitary conduct question when it decides that a killing occurred *during the commission of the underlying felony. See State v. Frazier*, 2007-NMSC-032, ¶¶ 21-23, 142 N.M. 120, 164 P.3d 1; *State v. Sotelo*, 2013-NMCA-028, ¶ 19, 296 P.3d 1232. However, despite making the argument as a matter of law, Defendant somewhat paradoxically contends that the conduct is unitary by definition "under the facts of his

4

case" because the State could not prove the requisite intent for criminal damage to property without proving DWI.

**{7}** We note at the outset that there is an inherent difficulty in resolving Defendant's arguments without the benefit of a trial below. In conducting our unitary conduct analysis, we are tasked with considering such factual questions "as whether the acts were close in time and space, their similarity, the sequence in which they occurred, whether other events intervened, and the defendant's goals for and mental state during each act." *State v. Melendrez*, 2014-NMCA-062, ¶ 8, 326 P.3d 1126 (internal quotation marks and citation omitted), *cert. denied*, 2014-NMCERT-006, 328 P.3d 1188. The ultimate question is whether "the jury reasonably could have inferred independent factual bases for the charged offenses." *State v. Franco*, 2005-NMSC-013, ¶ 7, 137 N.M. 447, 112 P.3d 1104 (internal quotation marks and citation omitted); *State v. Sanchez*, 1996-NMCA-089, ¶ 8, 122 N.M. 280, 923 P.2d 1165 ("[U]nitary conduct is fact specific; it requires meticulous review of the factual scenario and can rarely be determined on just the face of the indictment."); *Swafford*, 1991-NMSC-043, ¶ 27 ("The conduct question depends to a large degree on the elements of the charged offenses and the facts presented at trial.").

**{8}** Since Defendant pleaded guilty, we have no trial record to look to evaluate his contention that "[t]he State's legal theory in this case was that the criminal damage to property arose out of [Defendant's] decision to drive drunk." (Emphasis omitted.)

5

That contention was contested when Defendant moved below to vacate on double jeopardy grounds, and it is still contested on appeal. It is certainly not established on the face of the indictment, which does not even mention Defendant's intoxication with respect to the criminal damage to property charge. And no details were provided at the plea hearing regarding Defendant's intent or the immediate circumstances surrounding Defendant's collision with the police car, other than that he "failed to yield."

{9} Under these circumstances, we could summarily affirm because, after a guilty plea, "[w]e place the burden on the defendant, the party raising the double jeopardy challenge, to provide a sufficient record for the court to determine unitary conduct and complete the remainder of the double jeopardy analysis." *Sanchez*, 1996-NMCA-089, ¶ 11; *see also State v. Wood*, 1994-NMCA-060, ¶ 19, 117 N.M. 682, 875 P.2d 1113 (holding that there must be a factual basis in the record to support a double jeopardy claim); *cf. State v. Clark*, 1989-NMSC-010, ¶ 9, 108 N.M. 288, 772 P.2d 322 (stating that the initial burden is on the defendant when challenging a plea agreement).

{10} Nonetheless, since we ultimately conclude that Defendant's argument unquestionably fails the legal prong of the double jeopardy analysis, i.e., the Legislature intended to create separately punishable offenses, we will assume without deciding that Defendant's conduct was unitary.

**Legislative Intent**

{11} Having assumed unitary conduct, we must determine whether the Legislature intended Sections 66-8-102(C)(1) and 30-15-1 to provide for separate punishment. *See State v. Swick*, 2012-NMSC-018, ¶ 11, 279 P.3d 747. "Determinations of legislative intent, like double jeopardy, present issues of law that are reviewed de novo, with the ultimate goal of such review to be facilitating and promoting the [L]egislature's accomplishment of its purpose." *State v. Montoya*, 2013-NMSC-020, ¶ 29, 306 P.3d 426 (alterations, internal quotation marks, and citation omitted). Since the statutes themselves do not expressly provide for multiple punishments, we begin by applying the rule of statutory construction from *Blockburger v. United States*, 284 U.S. 299 (1932), to determine whether each provision requires proof of a fact that the other does not. *Swick*, 2012-NMSC-018, ¶¶ 11-12. If so, "it may be inferred that the Legislature intended to authorize separate punishments under each statute." *Id.* ¶ 13. But "this is only an inference that leads to an examination of other indicia of legislative intent." *Id.*

{12} Needless to say, the elements of the two offenses have virtually no overlap. To convict Defendant of DWI as charged, the State would have had to prove that Defendant drove a vehicle in New Mexico with a BAC of .08 or higher. *See* § 66-8-102(C)(1). To convict Defendant of criminal damage to property (over $1000), the State would have had to prove that Defendant intentionally damaged the property of another without consent and that the amount of damage was more than $1000. *See* §

7

30-15-1. DWI can be committed whether or not any property damage results; and criminal damage to property can be committed when the perpetrator is completely sober. As such, one offense does not subsume the other, and the *Blockburger* test lends no support to Defendant's argument.

{13}    When two statutes survive *Blockburger*, we look to "the language, history, and subject of the statutes, and we must identify the particular evil sought to be addressed by each offense." *Montoya*, 2013-NMSC-020, ¶ 32 (internal quotation marks and citation omitted). "[T]he social evils proscribed by different statutes must be construed narrowly[.]" *Swafford*, 1991-NMSC-043, ¶ 32.

{14}    Since 1941, the Legislature has repeatedly addressed the evils of intoxicated driving by augmenting DWI penalties, adding provisions for court-ordered drug and alcohol screening, treatment, and rehabilitation, and decreasing the BAC at which a driver is presumed intoxicated. *State v. Hernandez*, 2001-NMCA-057, ¶ 21, 130 N.M. 698, 30 P.3d 387. The entire statutory scheme makes no reference to property damage. *See* § 66-8-102. Penalties are aggravated only for repeat offenses, an increased BAC, bodily injury to a human being, or the refusal to submit to chemical testing. Section 66-8-102(D). Construed narrowly, "[t]he ultimate purpose of the DWI laws is to protect the health, safety, and welfare of the public by stopping people from driving under the influence of drugs and alcohol." *State v. Valdez*, 2013-NMCA-016, ¶ 9, 293 P.3d 909 (internal quotation marks and citation omitted).

8

{15} In contrast, the offense of criminal damage to property expressly protects against the intentional damage of property—real or personal. *See* § 30-15-1. The offense is aggravated based on the monetary value of the property damage. *Id.* Thus, the two offenses are unambiguously designed to address distinct social ills—intoxicated driving on the one hand, and intentional damage to property on the other—and they may be punished separately, even when committed during the course of a single act.

**CONCLUSION**

{16} Defendant's conviction for criminal damage to property (over $1000) is affirmed.

{17} **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**