This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: August 22, 2024**

**No. S-1-SC-39554**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**NIC AKER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt Baca-Miller, District Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Steven J. Forsberg, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**DISPOSITIONAL ORDER OF REMAND**

**PER CURIAM.**

**{1}**      WHEREAS, this matter came on for consideration upon the State's appeal as of right pursuant to Rule 5-802(N)(1) NMRA (delineating the state's right to an appeal upon the district court's grant of a writ of habeas corpus); *see also* Rule 12-102(A)(3) NMRA (requiring that "appeals from the granting of writs of habeas corpus" be taken to this Court);

**{2}** WHEREAS, this Court having considered the briefs and being otherwise fully informed on the issues and applicable law;

**{3}** WHEREAS, while the issues have been "previously decided by the Supreme Court or Court of Appeals," this Court has chosen to exercise its discretion under Rule 12-405(B)(1) NMRA to dispose of this case by nonprecedential order rather than by formal opinion;

**{4}** WHEREAS, Defendant filed a petition for writ of habeas corpus on double jeopardy grounds;

**{5}** WHEREAS, the district court granted the petition, reasoning that Defendant's multiple conspiracy convictions violated double jeopardy because the plea supported only one conspiratorial agreement;

**{6}** WHEREAS, the State appealed to this Court arguing that the district court erred in granting the habeas petition because Defendant failed to satisfy his burden of providing a sufficient record for the district court to conduct its double jeopardy analysis, *see State v. Sanchez*, 1996-NMCA-089, ¶ 11, 122 N.M. 280, 923 P.2d 1165 (explaining that the defendant bears the burden of providing a sufficient record for a court to review the alleged double jeopardy violation);

**{7}** WHEREAS, Defendant satisfied his burden by establishing a record containing a plea with multiple conspiracy convictions seemingly based upon a single conspiratorial agreement, *see Torres v. Santistevan*, 2023-NMSC-021, ¶¶ 30, 38, 536 P.3d 465 (holding that a defendant's double jeopardy rights were violated based solely upon the "facts contained in the statement of facts from" the guilty plea); *accord State v. Jackson*, 1993-NMCA-092, ¶¶ 11, 18, 116 N.M. 130, 860 P.2d 772 (considering only the facts established at the guilty plea hearing in concluding that the defendant's double jeopardy rights were violated);

**{8}** WHEREAS, the district court explicitly gave the State the opportunity to provide a factual basis that might support multiple conspiracies when it asked the State whether it was satisfied with the factual basis of the plea, and the State agreed that it was;

**{9}** WHEREAS, the State failed to establish at the plea stage or otherwise highlight specific evidence in the record on appeal that would support distinct conspiratorial agreements in a way that would justify multiple punishments, *see State v. Orgain*, 1993-NMCA-006, ¶ 20, 115 N.M. 123, 847 P.2d 1377 (putting the state on notice pre-plea that "a single agreement may not serve as the predicate for separate conspiracy convictions simply because the agreement was directed at the commission of separate felonies; the focus is on the number of agreements"); *see also Jackson*, 1993-NMCA-092, ¶¶ 11-19 (concluding that the sentence imposed under a plea agreement violated double jeopardy when the state failed to introduce evidence at the plea hearing that would "support the existence of more than one agreement"); *State v. Gallegos*, 2011-NMSC-027, ¶¶ 53-55, 149 N.M. 704, 254 P.3d 655 (explaining that the Legislature's amendment of the conspiracy statute in 1979 established "a rebuttable presumption that

multiple crimes are the object of only one, overarching, conspiratorial agreement subject to one, severe punishment set at the highest crime conspired to be committed," which the state bears the heavy burden of overcoming); *accord Torres*, 2023-NMSC-021, ¶¶ 29, 32 ("[T]he State failed to satisfy its burden by showing how this Court can meaningfully distinguish between the three charged conspiracies in a way that would justify multiple punishment[s] under the conspiracy statute." (internal quotation marks and citation omitted));

**{10}** WHEREAS, because the violation of Defendant's double jeopardy rights arose out of a plea agreement between Defendant and the State, the proper remedy is to remand this matter to the district court, *see Jackson*, 1993-NMCA-092, ¶ 24 (holding that a "plea bargain stands or falls as a unit . . . [and a d]efendant may not be relieved of a part of his plea bargain without giving up benefits he received in the bargain" (internal quotation marks and citation omitted)); *accord State v. Jones*, 2010-NMSC-012, ¶ 52, 148 N.M. 1, 229 P.3d 474 (explaining that "[a] plea bargain stands or falls as a unit" because it may be unfair to both the state and the defendant to invalidate a portion of the plea agreement while leaving the remainder intact (internal quotation marks and citation omitted));

**{11}** WHEREAS, on remand, the State may either accept the sentence imposed below, as corrected by the district court and in light of this Court's conclusion that Defendant's conviction for conspiracy to commit kidnapping violated his double jeopardy rights, or agree to vacate the plea, *Jackson*, 1993-NMCA-092, ¶ 24 (explaining that on remand, either a defendant "is entitled to have his plea vacated, provided the State agrees" or "the State may choose to accept the sentence previously imposed below, as corrected by" the district court pursuant to this Court's ruling); *see also Torres*, 2023-NMSC-021, ¶ 38;

**{12}** NOW, THEREFORE, IT IS ORDERED that this matter be remanded to the district court for further proceedings consistent with this order.

**{13} IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**