This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41419**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JESSE JOHN GOMEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew Douglas Tatum, District Court Judge**

Raúl Torrez, Attorney General
Felicity Strachan, Assistant Solicitor General
Santa Fe, NM

for Appellee

J. Bennett Baur, Chief Public Defender
MJ Edge, Associate Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** The State charged Defendant with being a felon in possession of a firearm, contrary to NMSA 1978, Section 30-7-16(A) (2022), and the State sought a five-year firearm enhancement for discharging a firearm during the commission of a noncapital felony, pursuant to NMSA 1978, Section 31-18-16(C) (2022). Defendant filed a motion to exclude the application of the firearm enhancement, arguing that it violated his right to be free from double jeopardy. After a hearing, the district court denied the motion. Defendant entered a conditional plea agreement, reserving the right to appeal the

double jeopardy issue. We conclude that Defendant's arguments do not rebut the presumption that the district court correctly rejected Defendant's double jeopardy claim, and we therefore affirm. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211.

**DISCUSSION**

**{2}** Defendant argues that the district court violated his double jeopardy rights "by imposing a firearm enhancement on a conviction for felon in possession of a firearm." Defendant contends that the act underlying both charges was unitary and that the Legislature did not intend for multiple punishments. We are not persuaded.

**{3}** We review Defendant's double jeopardy claim de novo. *See State v. Swick*, 2012-NMSC-018, ¶ 10, 279 P.3d 747. Because Defendant makes a double description claim, arguing that the same conduct violated two different statutes, we apply the two-part test from *Swafford v. State*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223. First, we consider "whether the conduct underlying the offenses is unitary." *Id.* If the conduct is unitary, we move to the second step and ask "whether the [L]egislature intended to create separately punishable offenses." *Id.* However, if the conduct is not unitary, we stop there because "there is no double jeopardy violation." *Swick*, 2012-NMSC-018, ¶ 11.

**{4}** To determine if the conduct is unitary, we must consider whether the acts are "separated by sufficient indicia of distinctness." *State v. Phillips*, 2024-NMSC-009, ¶ 38, 548 P.3d 51 (text only) (citation omitted). Specifically, precedent from our Supreme Court requires us to consider whether the acts are separated by such markers as their nature, time, or space. *See id.* (requiring that the factors outlined in *Herron v. State*, 1991-NMSC-012, ¶ 15, 111 N.M. 357, 805 P.2d 624, be considered when analyzing unitary conduct in double description cases); *State v. Silvas*, 2015-NMSC-006, ¶ 10, 343 P.3d 616 (outlining additional factors to consider, including the "nature of the acts"). However, Defendant makes no argument regarding the indicia of distinctness.

**{5}** Instead, Defendant relies exclusively—and, in our view, incorrectly—on an analogy to *State v. Baroz*, 2017-NMSC-030, ¶ 23, 404 P.3d 769. In *Baroz*, the defendant was convicted of aggravated assault with a deadly weapon and the sentence was enhanced by one year for the defendant's use of a firearm pursuant to Section 31-18-16(A) (1993). *Baroz*, 2017-NMSC-030, ¶ 20. The *Baroz* Court held that the conduct was unitary because the underlying act supporting the aggravated assault charge and the firearm enhancement was exactly the same: the defendant firing a gun. *Id.* ¶ 23. Here, Defendant argues that, as in *Baroz*, the possession charge and the firearm enhancement in his case were based on exactly the same act: "[Defendant]'s firing of a gun."

**{6}** We disagree with Defendant's characterization of the record. Contrary to Defendant's argument, we may consider the following facts established during his change of plea hearing. *See State v. Sanchez*, 1996-NMCA-089, ¶ 11, 122 N.M. 280,

923 P.2d 1165. Police officers went to Defendant's property based on a call from two people. At the scene, officers received information from one of the callers that she saw Defendant fire a gun into the floor of Defendant's residence. For several hours, the police were unable to enter the residence, and Defendant was unwilling to exit the residence. Once the officers obtained a search warrant, they entered the home and arrested Defendant. Defendant admitted that he fired the gun into the floor of his house. Consistent with this admission, the investigating officers found a spent bullet casing and hole in "the living room area of the house." In addition, Defendant admitted to owning the gun and directed officers to where it was hidden: inside an RV on his property, which was separate from his house. The officers found the gun in the RV. The State later discovered Defendant was previously convicted of a felony.

**{7}**     Based on these facts and in the absence of any argument by Defendant as to how the indicia of distinctness apply, the record appears to support the conclusion that at least one of those indicia exists here: the nature of the conduct. Unlike the felon in possession charge, which requires proof of firearm possession, *see* UJI 14-701 NMRA, the particular firearm enhancement obtained by the State in this case required proof that Defendant discharged the gun—that he fired a bullet by pulling the gun's trigger. *See* UJI 14-6013 NMRA. The act of discharging the gun differs in nature from the act of merely possessing it. This distinction between *Baroz* and Defendant's case suggests that Defendant's conduct was not unitary, and Defendant has not explained why we should conclude that the distinction lacks legal significance.

**{8}**     Without any persuasive unitary conduct argument by Defendant, the presumption on appeal that the district court ruled correctly stands unrebutted. We therefore affirm.

**{9}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**